## Pierre Teller v. Henry Willis.

*Practice : Writ of error after two years.*—A motion to dismiss is the proper form of objection to a writ of error in the Supreme Court supposed to be barred by lapse of time. The plaintiff in error may show himself, by affidavit, to come within the exceptions of the statute ; and if that fact is disputed, the Court may resort to such measures as may be found most suitable to have the question settled.

*Heard April 5th. Decided April 12th.*

Motion to dismiss a writ of error issued more than two years after judgment rendered.

*L. D. Dibble,* for the motion, referred to *Comp. L.* § 5340; 11 *Wend.* 522; *Minor,* 57; 6 *H. & J.* 99; 4 *H. & J.* 215; 1 *Root,* 54; 11 *How.* 204.

*G. Woodruff* and *W. Gray* contra:

It is enough to answer this application that the fact objected is a proper subject of a plea: — 2 *Strange,* 837.

The statute which limits the time of issuing the writ, also provides certain exceptions to its operation, and which form appropriate subjects of replication to the plea.

A motion is founded on an irregularity or defect in the proceedings: — *Tidd Pr.* 512, 515.

Now it is not irregular to issue a writ of error after

two years. The process so issued is regular, and the clerk can not withold it from the party; and having issued and been returned, the court had jurisdiction:— 2 *Strange*, 837; 4 *Mass.* 182; 1 *Root*, 54; 11 *Wend.* 524.

It cannot be assumed that we could not reply to the statute if pleaded, and we assert the contrary — and the Court will not allow our rights to be compromised by this motion.

CAMPBELL J.:

Where a writ of error is not brought until after two years from the date of judgment, we think it a more convenient practice, in a Court like ours, with no ready facilities for jury trials, not to require the defendant in error to plead the limitation, until there is some responsible showing that the plaintiff in error comes within some of the saving clauses. If upon a motion to dismiss for want of jurisdiction, made on the first reasonable opportunity, the plaintiff shows himself by affidavit to come within the exceptions, the Court can resort to such measures as may be found best, to have the question settled if disputed; while, if not disputed, no further delay will occur. We deem it our duty to discourage any practice which will render it necessary, before a hearing of the cause in error, to have a trial by jury of a preliminary issue, before another court, whose action upon such trial may itself be excepted to, — unless satisfied in advance that there is a real controversy, requiring such issue to be thus determined. We shall therefore regard a motion to dismiss as the proper form of objection, to a writ supposed to be barred by lapse of time.

The plaintiff in error having relied in good faith upon the English practice, which, for the reasons named, we do not deem adapted to the constitution of this Court, the motion will be regarded as continued until the last Tuesday of this month, to give him an opportunity of showing,

by affidavits, such facts as are claimed to exempt him from the operation of the statute.

The other Justices concurred.

On the day named, plaintiff in error not appearing, the case was dismissed. See same case, *post.*