## SUETERLEE VS. SIR.

PRACTICE.  *Affidavit for service by publication. what it must show — Effect of filing evidence of service,* nunc pro tunc, *after appeal.*

1. An affidavit for publication of summons which states that defendant cannot, with due diligence, be found in this state, need not show *what* diligence has been used.
2. Where the order of publication states that a cause of action exists in plaintiff's favor against the defendant, founded upon contract, that is (by ch. 409, Laws of 1865) evidence of those facts; and it cannot be objected, on appeal from the judgment, that the *affidavit* does not show them.
3. Where, through inadvertence, the evidence of due service of summons by publication was not filed before appeal taken from the judgment, the circuit court (under § 38, ch. 125, R. S.) may allow it to be filed as of the day judgment was entered.
4. The appellant, in such a case, would be allowed thereupon to dismiss his appeal without costs.

APPEAL from the County Court of *Milwaukee* County.

The defendant appealed from a judgment in favor of the plaintiff.  The grounds of appeal will appear from the opinion.

*Adolph Rosenthal,* for appellant, to the point that the affidavit for publication of summons must state facts showing a cause of action, cited *Slocum v. Slocum,* 17 Wis. 150 (151); *Rankin v. Adams,* 15 id. 292 (294); R. S. ch. 124, § 10.  To the point that the affidavit must state facts, showing that diligence has been used to find defendant in the state, he cited *Wortman v. Wortman,* 17 Abb. 67 (71).

*Mason G. Smith,* for respondent, to the point that the order of publication was evidence of the existence of all the facts requisite to the granting of the same, cited ch. 409, Laws of 1865.

COLE, J.  A number of objections are taken to the judgment in this case.  It is said that the county court

never acquired jurisdiction of the defendant. The summons was served by publication, a copy of the summons and of the complaint being sent to the defendant by mail. It is claimed that the affidavit for the order of publication is defective in some particulars. One is, that it does not show that any effort was made to find the defendant within the state. The affidavit states that the defendant could not "with due diligence be found within the state;" that he resided at Chicago, Ill., and was not a resident of this state. We have held that the affidavit need not show *what* diligence was used to find the defendant, but that the general statement that he could not after due diligence be found was sufficient. *The Farmers and Millers' Bank v. Eldred*, 20 Wis. 196; *Young v. Schenck*, 22 id. 556.

Again, it is insisted that the affidavit is defective because it does not show that a cause of action existed against the defendant. The order for publication states that a cause of action in favor of the plaintiff exists against the defendant, and that it is founded on contract. The statute makes this order the evidence of the existence of these facts. Chap. 409, Gen. Laws of 1865.

It is further claimed, that the record does not contain any legal proof of the publication of the summons. Publication of the summons was in fact legally made, but, through inadvertence, the affidavits of publication and of posting of the summons and complaint were not filed at the time judgment was entered. The court, upon motion, allowed this proof to be supplied after the appeal was taken, and that those affidavits might be filed as of the day the judgment was entered. We suppose it was entirely competent for the court to supply this omission. Sec. 38, chap. 125, R. S. The only question is, as to what effect the supplying this proof should have upon the appeal. We think the only effect would be to give the appellant the right to dismiss the appeal without costs. It certainly can furnish no

ground for reversing the judgment. The record now shows proper publication of the summons, and that the court had acquired jurisdiction. If the appellant had applied to this court for leave to dismiss the appeal because the proof of publication of summons had been supplied since it was taken, it would have been dismissed without costs. But, instead of doing this, he has seen fit to argue and submit the case upon the alleged errors in the record. And, since there are none which would warrant a reversal of the judgment, it must be affirmed.

*By the Court.*— Judgment affirmed.