Oelberman and others vs. Newman and others.    Ryecraft vs. Same.

OELBERMAN and others, Appellants, vs. NEWMAN and others,
Respondents.
RYECRAFT, Appellant, vs. NEWMAN and others, Respondents.

*September 27 — October 25, 1892.*

*Appeal: Death of trial judge before settlement of bill of exceptions:
Dismissal: Costs.*

1. Where the appellant is unable to procure the settlement of a bill of
   exceptions because of the death of the trial judge, he will be al-
   lowed to dismiss his appeal for the purpose of moving for a new
   trial, without regard to the probable or even necessary result of
   such motion.
2. Costs will be allowed upon such dismissal. *Sueterlee v. Sir*, 25 Wis.
   357, distinguished.

APPEALS from the Superior Court of *Milwaukee* County.
*N. S. Robinson*, for the appellants.
*E. P. Vilas*, for the respondents.

LYON, C. J.    By reason of the death of Judge GILSON of
the superior court the appellants are unable to procure the
settlement of bills of exceptions in these causes. They
therefore ask leave to dismiss their appeals, to the end that
they may apply to the superior court for new trials. The
motions are resisted by the respondents on the ground that
new trials must be refused if applied for. We have no
concern with that question. No good reason is perceived
why the appellants should not be permitted to place them-
selves in a position to move for such new trials, without
regard to the probable or even necessary results of the mo-
tions.

But the court is asked to grant these motions without al-
lowing costs in the judgments of dismissal. We are re-
ferred to the case of *Sueterlee v. Sir*, 25 Wis. 357, as
authority for denying costs. When the appeal was per-

fected in that case the record failed to show any valid service of the summons, and hence failed to show that the court had any jurisdiction of the defendant,— he not having appeared in the action. Afterwards the circuit court properly allowed proofs of sufficient service of the summons to be filed. It is said in the opinion that, had the appellant asked leave to dismiss his appeal, after the record was thus perfected in this court, without costs, such leave would have been granted. However, no such leave was asked. The case amounts to little more than an intimation that, if the respondent would avail himself in this court of the amendment made in the circuit court after the appeal was taken, he would be required to submit to the terms that the appellant might dismiss his appeal without costs. In these cases there have been no amendments of the records. The appellants are in this court without bills of exceptions, and seek to withdraw therefrom without being compelled further to prosecute hopeless appeals to judgment and defeat. There is no similarity between these cases and that of *Sueterlee v. Sir*, 25 Wis. 357.

*By the Court.*— Judgment of dismissal will be entered in each action, with costs.