ULLMAN v. SANDELL.

1. Appeal and Error—Dismissal of Writ.

On motion to dismiss a writ of error the writ will be dismissed and the payment of costs will be required of an appellant who voluntarily withdraws the writ of error after having given notice of the settlement of his bill of exceptions.

2. Same—Certiorari—Mandamus—Motion to Dismiss.

In a proceeding to review by writ of certiorari the decision of the lower court in mandamus, the writ will not be dismissed for the failure to give notice of settling the return, where printed records and briefs have been filed and the return can be properly made.

Mandamus by Joseph Ullman, Daniel L. Ullman, and Gabe Ullman, copartners as J. Ullman & Company, to compel Andrew Sandell, treasurer of Ironwood township, to pay the amount of an order: On motion to dismiss writs of error and certiorari. Submitted September 21, 1909. (Calendar No. 23,399.) Motion granted as to writ of error and denied as to writ of certiorari October 4, 1909.

*Curtis Buck* and *George O. Driscoll*, for the motion.

*Julius J. Patek* (*Thomas, Cummins & Nichols*, of counsel), *contra*.

MOORE, J. This is a motion to dismiss a writ of error, and also a motion to dismiss a writ of certiorari. Relators made application for a writ of mandamus to compel payment to the relators of a negotiable order. The writ of mandamus was denied because of a purported judgment rendered against the township of Ironwood by a justice of the peace in a certain garnishment proceeding determined before him. This order was entered February 23, 1909. At the same time a consent order was made giving the relators until May 17, 1909, to perfect an appeal upon certain conditions which were complied with.

April 24, 1909, relators sued out a writ of error, and also filed a petition for a writ of certiorari. Notice of the issuance was served. A further extension of time to perfect the appeal was made.

Respondent objected to the settlement of a bill of exceptions for several reasons, among others, that the mandamus proceedings should be reviewed by certiorari, and not by writ of error. Thereupon the circuit judge declined to settle the bill of exceptions. June 7th, a writ of certiorari was allowed against the circuit judge returnable June 29th. Personal service was had upon the circuit judge, who made a return to the writ of certiorari, which return was filed in this court June 22d. On June 26th the relators withdrew their writ of error and gave notice thereof to the respondent, and also then for the first time served notice on the attorneys for respondent of the issuance of the writ of certiorari, of the return and the filing thereof in this court. Printed copies of the record and briefs have been filed in this court in the certiorari proceeding.

Is the respondent entitled to have the writ of error dismissed? It is said he is not, as he objected to the settlement of a bill of exceptions, because the writ of certiorari, and not the writ of error, was the proper method of reviewing mandamus proceedings, and that, as relator has acted upon that suggestion and voluntarily withdrawn the writ of error, respondent cannot complain.

In *Birch* v. *Brown*, 5 Mich. 31, the party suing out the writ of error asked leave to dismiss it on the payment of costs, and the court granted leave, saying it was in accordance with the former practice.

In *Bliss* v. *Caille Bros. Co.*, 157 Mich. 258 (121 N. W. 756), the defendants attempted a voluntary dismissal of writs of error. Justice HOOKER, in speaking for the court, said:

"We understand that such attempt was made after learning that plaintiff had already made, or would soon make this motion [a motion to dismiss the writs]. What-

ever the fact, we think the motions should be granted, with costs of the motions, and it is so ordered."

We do not think that the relator can sue out his writ of error and notify the respondent of the time and place of settling a bill of exceptions, and, when objection is made thereto, withdraw his writ of error without giving the appellee the opportunity to recover costs. The motion to dismiss the writ of error is granted, with costs.

The respondent queries as to the writ of certiorari as follows:

" Where a writ of certiorari is issued out of the Supreme Court to review a mandamus proceeding in a circuit court, and the writ is directed to the judge of the circuit court, is the appellee not entitled to have a return set aside and stricken from the files which is made more than ten days after the issuance of the writ, but before any notice has been served upon the appellee or his attorneys under Supreme Court Rule 5, where the appellee has been given no opportunity to examine the return or make any suggestions or objections as to its contents, and has been served with no copy of the affidavit upon which the writ of certiorari was issued ? "—and answers the query in the affirmative.

Undoubtedly the appellee was entitled, under Supreme Court Rule 5, to notice of the issuance, the date, and the return day of the writ, but it does not follow that the writ must be dismissed for want of said notice. Supreme Court Rule 9 provides that, when a motion is made to dismiss a writ of certiorari, the court may grant or deny the same on such terms and conditions as the justice of the case may require. It has been the contention of the appellee that the mandamus proceeding should be reviewed by certiorari. If the return to the writ is not sufficient a proper return may be had, but now that the case is here with printed records and briefs, we do not think the writ should be dismissed, in the interest of justice.

The appellee will recover costs of this motion.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.