## RILEY *v.* DETROIT UNITED RAILWAY.

1. APPEAL AND ERROR—RETURN TO WRIT—TIME.

The court will not dismiss a writ of error for failure of the clerk to make the return in time, on a motion filed after the return has been actually made.

2. SAME—TIME OF ISSUANCE—STATUTES.

The Supreme Court acquires no jurisdiction of a cause in which a writ of error issues more than 18 months after judgment in the court below.

Case by Etta Riley against the Detroit United Railway. Judgment for defendant and plaintiff brings error: On motion to dismiss the writ of error. Submitted October 18, 1910. (Calendar No. 24,178.) Granted November 11, 1910.

*Brennan Donnelly & Van De Mark,* for the motion.
*Browse T. Prentis, contra.*

BIRD, C. J. The defendant has filed a motion in this

cause to dismiss the writ of error issued therein for the reasons:

*First*, that the return to the writ was not filed until after the return day; *second*, the writ was not issued within one year after the rendition of the judgment.

The affidavit filed in support of the motion shows that a judgment was rendered for the defendant in the Wayne circuit court on the 16th day of February, 1909, and that a writ of error was not issued out of this court until August 17, 1910. The writ was made returnable on September 25th, but the return thereto was not filed until October 5, 1910.

1. While the record shows that the return to the writ was not filed for 10 days after the return day, it also shows that the motion to dismiss was not made for 10 days after the return was filed. Under these circumstances, the court will not dismiss the writ. *Babcock* v. *Twist*, 16 Mich. 281.

2. The statute prescribing the time in which writs of error may issue is as follows:

"All writs of error upon any judgment or final determination, rendered in any cause, in any court of law and of record in this State, shall be brought within one year after the rendering of such judgment or final determination made and not after, except in cases specified in the next two sections: *Provided*, the time in which writs of error may be taken out may be extended not exceeding six months by the Supreme Court or by one of the Supreme Court justices at chambers, when any party has been prevented from taking out the same by circumstances not under his control. Such extension shall only be made on special motion and after a proper showing." 3 Comp. Laws, § 10492.

It will be noted that under the foregoing provision the whole time allowed by the statute is one year and six months. This entire period had elapsed before the writ was applied for. Plaintiff's counsel insists that defendant has waived its right to have the case dismissed, because it did not move more promptly to have the writ dismissed,

after notice to it of the issuance thereof. We cannot agree with counsel in this contention. The statute fixes the time in which the writ shall issue, and provides that it shall not issue after that time (save in certain specified cases which have no application here). We think the question is one of jurisdiction under the statute, and anything that defendant might do, or fail to do, would not confer jurisdiction on this court after the statutory time had expired. *Teller* v. *Willis*, 12 Mich. 268, 384; *People* v. *Van Wagner*, 51 Mich. 171 (16 N. W. 326).

We feel compelled to grant the motion to dismiss the writ, but without costs to either party.

OSTRANDER, BROOKE, BLAIR, and STONE, JJ., concurred.