HARTLEY *v.* MILLER.

1. APPEAL AND ERROR—RECORD — SETTLEMENT — EXTENSION OF TIME BY STIPULATION.

The attorneys of the respective parties may stipulate to extend the time for settling a record on case-made.

2. SAME—CASE-MADE—TIME TO FILE.

A motion to dismiss a case-made, which was settled in accordance with stipulations of the attorneys extending the time, and was filed with the clerk of the circuit court to be returned to the Supreme Court on the last day of the year allowed by 3 Comp. Laws, §10492, will not be dismissed, although the clerk did not make the usual entry and indorsement until the following day.

Case by William Hartley against Frank P. Miller for negligence. On motion by defendant and appellee to dismiss a case-made. Submitted November 29, 1910. (Calendar No. 24,299.) Motion denied December 22, 1910.

*Albert McClatchey,* for the motion.

*McHugh & Gallagher, contra.*

MOORE, J. This is a motion to dismiss an appeal. Several reasons are assigned but the important one is that the appeal was perfected too late.

The attorney for the appellee in this motion did not represent the appellees in the court below. The record shows the judgment in the circuit court was entered October 13, 1909. At that term an order was entered giving appellant 60 days in which to settle a bill of exceptions or make a case. A motion was made for a new trial, which motion was overruled November 29, 1909. Within 60 days of this date the attorneys for the appellant prepared and served upon the attorney for the appellee a proposed case-made. It was then agreed upon between the at-

torneys that the time for settling such case-made should be extended from time to time to suit the convenience of counsel. Stipulations extending the time in which to settle a case-made were filed from time to time, the last one extending the time until October 15, 1910. At least one amendment to the proposed case-made was prepared and agreed upon and on the 13th day of October a case-made was agreed to by the attorneys, and was on the same day taken to the trial judge and was read and signed by him. The attorneys for the appellant at once took the case-made which had been signed by the judge to the clerk of the court, and left it with him with the request that said clerk enter upon the records a note of the signing and filing of the same and the filing of the assignments of error thereto. What then occurred is shown by the affidavit of the clerk as follows:

"That on the 13th day of October, A. D. 1910, after the close of court on said day, and at about 4:15 p. m., the case-made and assignments of error in the case of *William Hartley* v. *Frank P. Miller, et al.*, Wayne Circuit Court No. 49,436, were delivered to deponent by Wm. Henry Gallagher, in the office of the clerk of said county, said case-made at that time bearing the signature of said Morse Rohnert; and deponent was thereupon requested by said Wm. Henry Gallagher to note upon the records of the court the signing and filing of said case-made and the filing of said assignments of error; that deponent thereupon informed said Wm. Henry Gallagher that he had closed his court sheets for that afternoon, and did not intend to return to the courtroom of said judge, and asked if the said entry on the records might be made upon the following day, to which request said Wm. Henry Gallagher assented; and thereupon, on the following day (*i. e.*, October 14, 1910, deponent entered upon the records of said court for that date a note of the signing and filing of said case-made and the filing of said assignments of error."

The case-made was then sent on and filed with the clerk of this court. The record also shows that no order substituting attorneys was made in the records of the circuit court, and that no notice of a change of attorneys was served upon the attorneys for the appellant.

It is insisted, *first*, that the attorneys had no right to stipulate for an extension of time. No authorities are cited in support of this contention and we think it is not well taken.

*Second*, it is contended that by analogy to the statute limiting the time for taking out a writ of error to one year, the party who for that length of time neglects to have the case-made certified to the Supreme Court is deemed to have abandoned it; citing *Van Blarcom* v. *Insurance Co.*, 6 Mich. 299; *Faust* v. *Calhoun Circuit Judge*, 30 Mich. 266. It is also insisted that the question is one of jurisdiction, and that anything defendant's attorneys did would not confer jurisdiction; citing *Riley* v. *Railway*, 163 Mich. 327 (128 N. W. 187). A reference to the last-named case will show it is not in point because more than 18 months had expired before the writ of error issued. In the case at bar it has already appeared that the case-made was agreed upon, signed by the judge and left with the clerk for filing within the year. It has also appeared that an order extending the time to settle a bill of exceptions or make a case was entered at the term when the case was tried. Subdivision "*b*," Circuit Court Rule 47, has this provision:

"But no more than sixty days' further time shall be granted for that purpose, except, etc.,　 * * *　 or on the written stipulation of the parties."

Section 10492, 3 Comp. Laws, provides that an extension not exceeding six months beyond one year may be granted for the issuance of writs of error upon a proper showing. Circuit Court Rule 48 provides that the practice in settling and filing cases-made shall be the same as is provided for the settling of bills of exceptions.

In *People* v. *Wayne Circuit Judge*, 20 Mich. 220, it was held that, where parties have prepared their bill of exceptions and presented it in season to the judge, they are not responsible for subsequent delays for which they are in no

164 MICH.—4.

wise at fault, and the court declined to dismiss the bill of exceptions.

In *People* v. *Kalamazoo Circuit Judge*, 39 Mich. 123, it was held that, where counsel for both parties have stipulated to extend the time, their stipulation removes the necessity for following the rules, and the court has no right to disregard the stipulation.

In any aspect of the case the motion to dismiss cannot prevail.

It is denied, with costs.

McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.