## ALFRED L. THWING v. W. M. McDONALD.[1]

### Nos. 19,802—(191).

### March 20, 1916.

**Appeal and error — dismissal of appeal.**

1, Where a judgment dissolving a corporation is in question, and the issue is properly raised, an appeal from the judgment cannot be dismissed on motion. [Reporter.]

**Appeal and error — deposit to pay costs.**

2. A deposit of $250 in lieu of an appeal bond, conditioned to pay the costs on appeal, is authorized by G. S. 1913, § 8002, but a deposit in that form does not stay proceedings on the judgment. [Reporter.]

### July 21, 1916.

**Appeal and error — continuance for trial — estoppel.**

3. When this case was reached for trial, appellant applied for a continuance. The court continued the case for trial at a place other than the county seat. Appellant, having acquiesced in the order and taken the benefit of the continuance, is estopped from now asserting that the court had no authority to make such order.

**Appeal and error — judgment — distribution of funds of corporation — estoppel.**

4. Appellant, having taken the benefit of the provisions of the judgment apportioning and distributing the funds in controversy by receiving and accepting the share thereof awarded to him, is not now in position to question such apportionment and distribution.

**Corporation — dissolution at suit of minority stockholders.**

5. It is the general rule that courts are without authority to dissolve a corporation at the suit of a minority stockholder, unless such authority has been conferred by statute. Different courts recognize various exceptions to this rule; but the facts do not bring this case within such exceptions and do not justify the dissolution of the corporation.

**Equity — relief for minority stockholders of corporation.**

6. Where minority stockholders are being deprived of their property

[1] Reported in 156 N. W. 780, 158 N. W. 820.

rights by the unlawful acts of the majority, a court of equity will intervene and afford them such relief as may be necessary to adequately protect such property rights.

Action in the district court for Itasca county to enjoin defendant McDonald, and the defendant lessee companies, from paying to McDonald individually or as an officer of The Minowa Company any of the rents and royalties accruing to that company; to appoint a receiver for that corporation and to determine the rights of plaintiff and defendant stockholders in the stock and property of that company; to remove defendant McDonald as an officer and director of that company; to require him to account and pay over to that company and to the persons entitled thereto all moneys under his control belonging to that company; and to dissolve the corporation and distribute its assets and property among the persons entitled thereto. The case was tried before Stanton, J., who made findings perpetually restraining defendant McDonald from receiving and the lessee companies from paying to him individually, or as an officer of The Minowa Company, any of the rents and royalties accruing to that company during the month of January, 1915, and thereafter, removing defendant McDonald as an officer and director of that company and requiring him to pay over to it and to the persons entitled thereto all moneys under his control belonging to that company, and all its moneys and property theretofore appropriated by him to his own use; dissolving The Minowa Company, appointing three persons receivers of the company, and specifying their duties and powers in the premises. From the judgment entered pursuant to the order for judgment, defendant McDonald appealed and deposited with the clerk of court $250 in lieu of an appeal bond. A motion to dismiss the appeal was denied. Judgment modified.

*Mohn & Mohn,* for appellant.
*Thwing & Rossman,* for respondents.
*Alfred L. Thwing,* for the receivers.

On March 20, 1916, the following opinion was filed:

PER CURIAM.
The motion to dismiss the appeal in this cause is denied. While it is

probable that appellant is estopped or has waived the right to raise objections to that part of the judgment distributing the funds of the corporation, by accepting the money so assigned to him, it is clear that he may question the judgment insofar as it dissolves the corporation. With this question in issue, and properly raised, the appeal cannot be dismissed. The merits of the issue we do not consider.

The deposit of $250, in lieu of an appeal bond, is authorized by section 8002, G. S. 1913, and no order of the court is necessary. The form of the deposit, conditioned to pay the costs of the appeal, does not stay proceedings on the judgment. The appeal is not so manifestly without merit as to justify dismissal on the ground that it is frivolous and was taken merely for delay.

Motion denied.

On July 21, 1916, the following opinion was filed:

TAYLOR, C.

The trial court made full and complete findings of fact and conclusions of law which cover 34 printed pages in the record, and rendered a judgment which, among other things, removed defendant McDonald from his position as an officer and director of The Minowa Company, a corporation; appointed receivers to take charge of and manage the affairs of that corporation; required defendant McDonald to account for and turn over to such receivers all the funds and effects of the company in his hands or under his control; directed the payment to the parties entitled thereto of prior dividends on hand and unpaid; provided for the payment of subsequent dividends as they accrued, and dissolved the corporation and provided for winding up its affairs and distributing its property to its stockholders. Defendant McDonald alone appealed from the judgment. All other parties acquiesced therein and are satisfied therewith. The evidence is not returned and the findings of fact are unchallenged, but appellant asserts that such findings do not justify the conclusions of law nor the judgment rendered pursuant thereto.

At the outset appellant, relying upon Bell v. Jarvis, 98 Minn. 109, 107 N. W. 547, 8 Ann. Cas. 938, insists that the court had no jurisdiction to try the case at the time and place where it was tried. The case was

regularly brought on for trial at the general March, 1915, term of court in Itasca county, but was not reached until June 25. At that time appellant applied for a continuance until the September term. Plaintiff opposed it. The court made an order postponing the trial to July 20 at its summer chambers at Glengarry in Cass county, and provided therein that appellant might secure a continuance until the September term by complying with certain prescribed conditions on or before July 15. Appellant failed to comply with such conditions, and the case was tried at Glengarry as provided in the order. At the opening of the trial appellant raised the point that the court had no authority to try it elsewhere than at the county seat. He is not in position to question the power of the court to try it at the place fixed in the order. The granting of any continuance was within the discretion of the court. After stating orally that the showing made did not warrant the continuance asked, the court made the order in the terms stated. It was made solely for the benefit of appellant. He acquiesced in it when it was made, took the benefit of it, and cannot now be heard to attack its validity.

The Minowa Company is a corporation which owns interests in valuable mining properties in the counties of Itasca and St. Louis. These properties are operated under leases by the other defendant corporations which pay royalties to The Minowa Company quarterly. The several properties and the interest of The Minowa Company therein and in the leases and contracts under which they are operated and in the royalties received therefrom, are set forth and described in detail in the findings. The company transacts no business other than to hold the title to these properties and to receive the royalties therefrom quarterly and distribute such royalties to its stockholders. It was organized for this purpose, has never been authorized by either its stockholders or directors to transact any other business or incur any other obligations, and is a mere holding company. The findings and judgment determined who are stockholders of the company; the amount of stock held by each; the amount to which each was entitled of the funds then on hand; the share to which each will be entitled of the subsequently accruing royalties, and required the receivers to distribute the funds on hand to those entitled thereto, and to distribute the royalties subsequently received to the stockholders, *pro rata,* on the first day of the month following the payment thereof. Ap-

pellant owns a large majority of the capital stock. The other individual parties to the action are the minority stockholders.

Appellant has taken the benefit of the provisions of the judgment in his favor by receiving and accepting thereunder the share of the funds on hand and also the share of the subsequent payments awarded to him thereby, and is not now in position to question the apportionment and distribution of such funds. Plaintiff presented to this court the facts arising since the entry of judgment and made a motion to dismiss the appeal on the ground that appellant, by his conduct, had acquiesced in the judgment and estopped himself from attacking it. The court in denying this motion said: "While it is probable that appellant is estopped or has waived the right to raise objections to that part of the judgment distributing the funds of the corporation, by accepting the money so assigned to him, it is clear that he may question the judgment insofar as it dissolves the corporation. With this question in issue, and properly raised, the appeal cannot be dismissed."

The question now presented is whether the trial court erred in adjudging a dissolution of the corporation. It is unquestionably the general rule that courts are without authority to dissolve a corporation at the suit of a minority stockholder, unless such authority has been conferred by statute. Beyer v. Woolpert, 99 Minn. 475, 109 N. W. 1116; 7 R. C. L. p. 731, § 740; also numerous cases cited in the note in 15 Ann. Cas. at page 422, and in the note in 39 L.R.A.(N.S.) at page 1032. Different courts recognize various exceptions to this rule. When it has become impossible to accomplish the purpose for which the corporation was chartered or organized, or when failure or ruin is inevitable, the courts may intervene and wind up its business and apportion and distribute its assets to those entitled thereto. Knutson v. Northwestern L. & B. Assn. 67 Minn. 201, 69 N. W. 889, 64 Am. St. 410; Sjoberg v. Security S. & L. Assn. 73 Minn. 203, 75 N. W. 1116, 72 Am. St. 616; also cases cited in note in 39 L.R.A.(N.S.) at page 1044, and note in 91 Am. St. at page 33. It is also maintained in able and well reasoned opinions that, where majority stockholders take upon themselves the exclusive management and control of the corporation and abuse their power by arbitrarily or fraudulently conducting the affairs of the company so as to appropriate to themselves the profits or property thereof

to the despoilment of the minority stockholders, the courts may afford relief by dissolving the corporation if no other adequate remedy be available. Miner v. Belle Isle Ice Co. 93 Mich. 97, 53 N. W. 218, 17 L.R.A. 412; Brent v. B. E. Brister Sawmill Co. 103 Miss. 876, 60 South. 1018, 43 L.R.A.(N.S.) 720, Ann. Cas. 1915B, 576; Exchange Bank v. Bailey, 29 Okla. 246, 116 Pac. 812, 39 L.R.A.(N.S.) 1032; also note found in L.R.A. 1915A at page 606. This doctrine was recognized in Mitchell v. Bank of St. Paul, 7 Minn. 192 (252), in which the court said: "Equity in such cases is always able to afford complete relief. The stockholders, in order to make themselves secure, and save what remains of the property of the bank, must first disarm their unfaithful agents from doing further mischief, and to this end they seek a dissolution of the bank corporation." It is universally recognized, however, that the drastic remedy of dissolving a corporation should be resorted to at the instance of minority stockholders only when their rights can be protected in no other way.

In the present case the corporation is a mere holding company whose sole active duties consist in collecting and distributing to its stockholders the royalties paid by the operating companies. A by-law requires such distribution to be made quarterly by the president and secretary, unless otherwise directed by the board of directors. Appellant is president of the company and plaintiff is secretary thereof, or at least was such secretary until appellant assumed exclusive control of the company after the annual meeting of the stockholders in 1914. This meeting was held by appellant; none of the minority stockholders participated therein; and the court finds that there is no evidence as to what action was taken thereat. Thereafter appellant refused to recognize plaintiff as secretary and also refused to recognize any of the minority stockholders as having any interest in the corporation or in its assets.

The facts found by the trial court amply justified its action in removing appellant from his position as an officer and director of the corporation. The court found, among other misconduct, that he refused to recognize any of the minority stockholders as being "stockholders in said corporation or as having any rights or interest in its property or income;" that claiming to be president and treasurer of the company he demanded that the operating companies pay the royalties to himself; that he has

received the royalties paid pursuant to such demand and appropriated the same to his own use; that he has refused to distribute or pay any part thereof to any of the minority stockholders although they were lawfully entitled to their *pro rata* share thereof; and that he threatens to collect "the royalties hereafter to accrue to said The Minowa Company from time to time, and to appropriate the same to his own exclusive use in utter disregard of the rights therein of said The Minowa Company and the minority stockholders thereof." Such wrongful acts warranted drastic action. But the accounting directed by the court has now been had; the rights of all the stockholders have been determined and adjusted; the royalties which have already accrued have been apportioned and paid over to the parties entitled thereto; and all that remains to be done, unless some event not foreshadowed in the record shall happen, is to collect the royalties that shall accrue in the future and distribute them *pro rata* to the shareholders. The company pays no compensation to its officers, owes no debts, has little or no occasion to incur expense, and its property is not in danger of being dissipated. To make an equitable distribution between its stockholders of the interests of the company in the various properties and in various leases and contracts under which they are being operated would be exceedingly difficult; and to dispose of such properties and interests for the purpose of dividing the proceeds thereof among the stockholders would very likely entail substantial loss. Conceding that the court has power to dissolve the corporation if no other adequate remedy be available, the facts do not bring this case within any of the recognized exceptions to the general rule. The corporation may still continue its corporate existence; and its officers, having only ministerial duties to perform, may be required to perform such duties in the manner directed by the judgment, and compliance with the provisions of the judgment may be enforced in the usual manner. And the court may make any appropriate provision for securing and safeguarding the property rights of the minority and for preventing encroachments thereon by the majority.

If, in the future, conditions shall arise which enable the majority stockholders to deprive the minority of their lawful rights, and the majority shall abuse their power by seeking to encumber or dissipate the property of the company, or to appropriate such property or the profits

therefrom to their own purposes, to the damage of the minority in their property rights, the judgment will not be a bar to the maintenance of a subsequent action for dissolution whenever the minority stockholders can be effectively and adequately protected from such aggression in no other manner.

We have reached the conclusion that so much of the judgment as dissolves the corporation cannot be sustained; that the court should modify its conclusions of law and its judgment so far as necessary to recognize the continued existence of the corporation; that the court should provide for returning the management of the corporation to its board of directors, and should also require the corporation and its officers thereafter to collect its revenue as they shall accrue and to apportion and distribute the same *pro rata* to the stockholders at such times and in such manner as the judgment shall provide, and that the court should also enjoin the corporation and its officers from applying its revenues to any purpose other than specified in and authorized by such judgment without first obtaining leave of court therefor.

The case is remanded with directions to modify the conclusions of law and the judgment so as to accord with the views herein expressed.

On October 6, 1916, the following opinion was filed:

PER CURIAM.

Respondents have appealed from the taxation of appellant's costs and disbursements as made by the clerk.

The item of $8.80 taxed as sheriff's fees for serving the notice of appeal upon the following defendants, viz: Republic Iron and Steel Company, Rogers Iron Mining Company, Oliver Iron Mining Company, Chemung Iron Company, Shenango Iron Mining Company and Shenango Furnace Company, is disallowed for the reason that these defendants were not adverse parties.

The item of $15.20 taxed as sheriff's fees for serving the record and brief upon the same defendants is disallowed for the same reason. The item of $2 taxed as sheriff's fees for serving the record and brief on defendant Aiken is disallowed for the same reason.

The item of $5.50 taxed as sheriff's fees for serving the record and brief upon the receivers for The Minowa Company and the notice of

appeal upon receiver Saunderson, is disallowed, as the service upon the attorney for the receivers rendered such additional service unnecessary. For the same reason the item of $2 taxed as sheriff's fees for serving the record and brief upon plaintiff personally is disallowed, service having been made upon his attorneys.

The item of $10 taxed as a disbursement to W. W. Barron for serving the notice of appeal upon various parties is disallowed, as he was not an officer and the rule stated in Salo v. Duluth & Iron Range R. Co. 124 Minn. 361, 145 N. W. 114, in respect to the service of subpoenas also applies to the service of such notices.

The items of $8.20 and $9.43 paid to the clerk of this court and to the clerk of the district court respectively for certified copies of records are disallowed, as the affidavit fails to show that the copies for which such payments were made were procured for use in this court.

The above items aggregating the sum of $61.63 will be deducted from the costs and disbursements as taxed, and as so modified the taxation is affirmed.