F. M. RIDGWAY v. JOHN L. MIRKOVICH.
STATE HIGHWAY DEPARTMENT, GARNISHEE.[1]

August 22, 1934.

No. 30,074.

*Mart M. Monaghan,* for plaintiff.
*Oscar G. Haugland,* for defendant.

*PER CURIAM.*

Plaintiff's motion to dismiss her appeal because moot and for taxing her costs was denied. An appellant may not dismiss his appeal and tax costs and disbursements against a respondent. Now respondent moves to dismiss the appeal because moot and for costs.

Ill-advised procedure has consumed the time of lawyers and courts to no purpose. Plaintiff after a trial obtained a judgment against·defendant in the municipal court of Minneapolis, July 27, 1929. A transcript thereof was docketed in the district court of Hennepin county, and an execution issued thereon to the sheriff of Sherburn county, who levied on land owned by defendant near Big Lake. The land was encumbered by mortgage at the time of the levy. Plaintiff bid in the land at the sale December 30, 1929, for the amount of the judgment and costs. Thereafter the mort-

[1]Reported in 256 N. W. 521.

gage was foreclosed and bid in by the mortgagee. No redemption was made from either sale. Nearly four years thereafter plaintiff obtained an order on defendant to show cause why the execution sale should not be vacated and annulled and her judgment reinstated, the court directing the service of the order to be made by mail on defendant at his last known address. Plaintiff mailed a copy of the order to defendant at general delivery, Minneapolis, Minnesota. The court, upon proof of such service, vacated the sale and reinstated the judgment. Thereafter plaintiff instituted a garnishee proceeding, serving a garnishee summons on the above named garnishee. Defendant appeared specially and moved to dismiss the proceeding on the ground that there was no judgment, the record on its face showing want of jurisdiction in the court to vacate the execution sale and reinstate the judgment. Judge Guilford, who heard the case, granted the motion. The time to appeal therefrom expired April 9, 1934. Plaintiff moved Judge Guilford on April 7, 1934, to vacate his prior order. Before a decision on the last motion was rendered plaintiff appealed from the first order. On April 16 Judge Guilford filed an order vacating the order appealed from. In the meantime plaintiff had begun a second garnishee proceeding, serving the garnishee summons on the same garnishee. Defendant again appeared specially and moved to dismiss this proceeding on the same ground as the first. The motion was heard by Judge Reed, who filed his order March 24, 1934, dismissing the proceeding. Plaintiff in her notice of appeal specified the appeal to be from the first order of Judge Guilford filed March 7 and from the order of Judge Reed filed March 24. Plaintiff filed no supersedeas bond, merely a bond for costs.

Both parties deeming the appeal moot, it ought to be dismissed. That part which involves Judge Guilford's first order is certainly moot because of his subsequent order vacating the same. And we think that, under the situation created by plaintiff, the appeal from Judge Reed's order is also moot and ought not to carry costs and disbursements in favor of plaintiff. By not giving a supersedeas bond, the garnishee proceedings were not stayed, and no rights against the garnishee were preserved. The dismissals discharged the garnishee. In Cummings v. Edwards-Wood Co. 95 Minn. 118, 103 N. W. 709, 106 N. W. 304, it was held:

"Such an order [of dismissal] releases all property of defendant in the hands of the garnishee, and, if no supersedeas bond be given on appeal from the order, the appeal does not affect the right of the defendant to demand from the garnishee the property in his hands."

The defendant's motion is granted, and the appeal is dismissed as moot, with costs to defendant.