**WEST et al. v. MANEMANN.**

No. 12877.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1944.

Rehearing Denied Nov. 1, 1944.

L. P. Johnson, of Marshall, Minn., for appellants.

E. V. Molle, of Marshall, Minn., for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order of the bankruptcy court striking certain real estate from the schedules of appellants in a proceeding under Section 75, subs. a to r, of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a to r. It appears from the record that appellee, Clara May Nelson Manemann, is the mother of Luella C. West, one of the appellants, and that William M. West is the husband of Luella C. West. On August 8, 1939, Mrs. Manemann conveyed to Luella C. West and William H. West certain real estate described as the Northwest Quarter of Section 13, and all that part of the North Half of the Southwest Quarter of Section 13 lying west of the Great Northern Railway right of way, and the Northeast Quarter of the Southeast Quarter of Section 14, all in Township 111 North, of Range 42 West, containing 245 acres, more or less, according to the government survey, all located in Lyon County, State of Minnesota. The sole consideration for the conveyance was the agreement on the part of appellants that they would support Mrs. Manemann and furnish her a home on said premises as long as she lived, and that they would support her minor son, Charles Manemann during his minority and furnish him with a high school education. At the same time appellee transferred certain personal property to appellants and permitted them to take possession of the farm.

On October 11, 1942, because of breach of the agreement, appellee instituted suit in the District Court of Lyon County, Minnesota, against appellants, seeking a rescission of the conveyance and for other relief. On June 16, 1943, such proceedings were had in that action that a decree was entered annulling and cancelling the conveyances, reinvesting Mrs. Manemann with absolute title thereto and granting her immediate possession, together with a certain money judgment. On September 18, 1943, appellants appealed to the Supreme Court of the State of Minnesota. On February 17, 1944, a few days subsequent to the time said cause was argued in the Supreme Court of Minnesota, but before any decision was handed down by that court, appellants filed their petition under Section 75, subs. a to r, of the Bankruptcy Act. They did not abandon nor dismiss their appeal and on February 28, 1944, the Supreme Court of Minnesota affirmed in all things the decision of the District Court

of Lyon County, Minnesota. Manemann v. West, 216 Minn. 516, 13 N.W.2d 474.

In the petition filed by the debtors, appellants herein, under Section 75, subs. a to r, they embodied a petition for composition and extension. While this was still pending and undetermined, appellee filed a motion to strike from the debtors' schedule the above described real estate. In the proposal made by the debtors to their creditors they scheduled Mrs. Manemann, appellee, as an unsecured creditor and in settlement of her alleged claim proposed that:

"We will pay to Clara May Manemann the sum of $4560.00 in full payment of all her claims and demands, in the manner following and on the following dates or before, to-wit: $1000.00 on or before May 1, 1944; $1000.00 on or before October 1, 1944; and the balance of $2560.00 on or before March 1, 1945, or in the place thereof we will pay the sum of $35.00 per month on the first of each month, beginning March 1, 1944, during the natural life of the said Clara May Manemann."

In seeking reversal of the order of the trial court, appellants contend: (1) that at the time their petition under Section 75, subs. a to r, was filed, the District Court judgment had been stayed and suspended, and the Supreme Court alone had jurisdiction, and the controversy was then pending in the Supreme Court of the State of Minnesota undetermined, 'and the right, title and interest of the debtors in the farm had not then been finally divested; (2) that on the filing of the petition under Section 75 of the Bankruptcy Act, all other courts were automatically ousted of jurisdiction over the farm in question for any and all purposes, and the bankruptcy court alone had jurisdiction of the property, and hence, the court had no right to strike the real estate from the debtors' schedules; (3) that the debtors had a right to retain possession of the farm for a period of three years and to redeem the premises within that period at the appraised value; (4) that appellants were and are in possession under a lawful deed, and their right, title and interest has not been finally determined nor divested, and the bankruptcy court alone has power to determine the respective rights to the property.

■ As has been observed, the judgment rendered by the District Court of Lyon County, Minnesota, cancelled the deed by which appellee had conveyed the real estate in controversy to the appellants, and it adjudged appellee to be the absolute owner and entitled to the immediate possession of this property. The judgment also awarded appellee damages in the sum of $1,065.85. In appealing from this judgment, appellants did not give a supersedeas bond. Having given only security for costs, the judgment, under the Minnesota practice, was not stayed. Ridgway v. Mirkovich, 192 Minn. 618, 256 N.W. 521; Thwing v. Minowa Co., 134 Minn. 148, 156 N.W. 780, 158 N.W. 820, 159 N.W. 564, Ann.Cas.1918E, 420.

Section 9523, Mason's Minnesota Statutes provides that:

"The district court has power to pass the title to real estate by a judgment, without any other act to be done on the part of the defendant, when such appears to be the proper mode to carry its judgment into effect; and such judgment, being recorded in the proper registry of deeds, while in force, shall be as effectual to transfer such title as the deed of the defendant."

Had there been no appeal, it certainly could not logically be contended that the judgment entered by the District Court of Lyon County, Minnesota, did not divest appellants of title and right of possession and vest such right in appellee. It is argued, however, that the appeal had the effect of suspending and staying the judgment, and hence, the judgment of the District Court had not become final. The Supreme Court of Minnesota in State ex rel. v. Spratt, 150 Minn. 5, 184 N.W. 31, 32, considered the effect of a judgment rendered by a District Court but from which an appeal to the Supreme Court had been perfected. In the course of the opinion it is said:

"An appeal with a supersedeas bond does not vacate or annul the judgment appealed from, and the matters determined by it remain res judicata until it is reversed."

■ Ingenious counsel for appellants asserts in his brief that: "If the petitioners had an interest in and were in possession of the farm in question, no matter what it was, at the time that the petition herein was filed, jurisdiction attached and that interest passed to the bankruptcy court for administration, etc." It is further said: "If that interest had previous to the filing of the petition, been fully and finally divested so that there no longer existed any right or interest of petitioners to which the jurisdiction of the bankruptcy court could attach, then and only then was there noth-

ing to administer, and the land may be lawfully stricken." Accepting this as a fair statement of the applicable law, we can not agree with the conclusion urged upon us by appellants. It is said that they had possession under a valid deed at the time their petition in bankruptcy was filed. This is an erroneous premise. They were not in possession under valid deed, but, on the other hand, that deed had been set aside and vacated by a judgment rendered by a court having jurisdiction of both the parties and the subject matter. That judgment was a final judgment, the binding effect of which was not affected by the appeal. They have neither title, right to possession, nor any equity in the real estate. We think Section 75 of the Bankruptcy Act may not be invoked for the purpose of circumventing the effect of a final judgment rendered by a state court having jurisdiction of both the parties and the subject matter.

The order appealed from is therefore affirmed.