# CLARA MAY NELSON MANEMANN v. LUELLA MANEMANN WEST AND ANOTHER.[1]

December 15, 1944.

No. 33,867.

See 216 Minn. 516, 13 N. W. (2d) 474.

*L. P. Johnson,* for appellants.

*E. V. Molle,* for respondent.

MAGNEY, JUSTICE.

This case is a sequel to Manemann v. West, 216 Minn. 516, 13 N. W. (2d) 474. There, a judgment entered June 16, 1943, cancelling a deed given in consideration of a promise to support grantor and her minor son, and for the sum of $1,065.86 in addition thereto,

[1]Reported in 17 N. W. (2d) 74.

was affirmed. On or about September 1, 1943, after judgment had been entered in the district court and before appeal to this court, plaintiff brought this action to recover possession of the premises. April 26, 1944, the trial court granted plaintiff's motion to strike certain allegations of the complaint and all of the answer and ordered judgment for plaintiff. Defendants appeal from the judgment thereupon entered.

The appeal from the judgment entered June 16, 1943, was dated September 18, 1943. The case was argued in this court February 16, 1944. The following day defendants filed a petition in bankruptcy under the so-called Frazier-Lemke act, of which petition this court was not advised. The decision of this court affirming the judgment cancelling the deed was filed February 28, 1944.

■ Defendants contend that this action is premature, in that the original proceedings between the parties were still pending when the present action was brought. On their first appeal to this court, defendants deposited $250 in cash as security for costs, and they now insist that this deposit stayed proceedings in the lower court and had the same effect as a supersedeas bond. In this they are clearly mistaken. Certainly, the money judgment of $1,065.86 would not be stayed by a $250 cash deposit as security for costs. It must be apparent that, if part of the judgment would not be stayed, the balance would not be. This court held in Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, Ann. Cas. 1918E, 420, that a deposit as security for costs does not stay proceedings on a judgment. See, also, Ridgway v. Mirkovich, 192 Minn. 618, 256 N. W. 521. The appeal did not affect the right of plaintiff to maintain the present action, and consequently it was not prematurely brought.

■ Defendants also contend that the filing of the petition in bankruptcy under the so-called Frazier-Lemke act, 47 Stat. 1467, § 75 (a to r), of the bankruptcy act, as amended (11 USCA, § 203), ousted this court of jurisdiction to pass on their appeal in the original action and that the real estate in question, after the filing of the petition, was subject to the exclusive jurisdiction of the fed-

eral court. It has already been stated that defendants filed their petition in bankruptcy the day after the case was argued in this court. No action was taken by defendants to dismiss their appeal, and the decision of this court followed.

Section 75(o) of the bankruptcy act reads:

"Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court:

\* \* \* \* \*

"(2) Proceedings for \* \* \* cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land; \* \* \*."

April 5, 1944, Judge Nordbye of the federal district court filed an order striking the premises here involved from the schedule filed in bankruptcy and adjudging plaintiff the absolute owner of the same. Judge Nordbye in his order stated:

"But however one may seek to analyze or rationalize the situation which is presented, it seems clear that the decision of the Supreme Court must be considered as finally determining that the debtors herein have no right, title and interest in and to the land in question and that Mrs. Manemann is entitled to the immediate possession of the premises. \* \* \* The possession of the debtors is wrongful. They have already been ordered by a final judgment to deliver up the possession to the lawful owner. \* \* \* Here, we have debtors who do not have any vestige of title in this real estate, and who have no equity in and to the real estate which should justify their further possession."

On October 5, 1944, the circuit court of appeals of the eighth circuit affirmed the federal district court. In affirming, it stated:

"Had there been no appeal, it certainly could not logically be contended that the judgment entered by the district court of Lyon County, Minnesota, did not divest appellants of title and right of possession and vest such right in appellee. It is argued, however, that the appeal had the effect of suspending and staying the judgment, and hence, the judgment of the district court had not become final. The Supreme Court of Minnesota in State ex rel. [Spratt] v. Spratt [150 Minn. 5], 184 N. W. 31, 32, considering the effect of a judgment rendered by a District Court but from which an appeal to the Supreme Court had been perfected. In the course of the opinion it is said:

" 'An appeal with a supersedeas bond does not vacate or annul the judgment appealed from and the matters determined by it remain res judicata until it is reversed.'

\* \* \* \* \*

"\* \* \* It is said that they had possession under a valid deed at the time their petition in bankruptcy was filed. This is an erroneous premise. They were not in possession under a valid deed, but, on the other hand, that deed had been set aside and vacated by a judgment rendered by a court having jurisdiction of both the parties and the subject matter. That judgment was a final judgment, the binding effect of which was not affected by the appeal. They have neither title, right to possession, nor any equity in the real estate. We think Section 75 of the Bankruptcy Act may not be invoked for the purpose of circumventing the effect of a final judgment rendered by a state court having jurisdiction of both the parties and the subject matter."

Defendants in their brief state:

"There is nothing for the court to decide except the one question: Had the interest of the petitioners been wholly and finally exhausted and divested before they filed their petition herein. If they retained any vestige of right in the farm at that time, the land could not be stricken."

At the time of filing the petition in bankruptcy, defendants had neither title, right to possession, nor any equity in the real estate. Their interest had been divested. They also ask:

"That brings us down to the specific question: Had the right and interest of the defendants in the farm been wholly and finally exhausted and divested previous to the filing of the petition under Section 75?"

Based on the considerations above set forth, we answer that question in the affirmative.

Judgment affirmed.