## IN RE ARBITRATION BETWEEN PUBLIC BUILDING SERVICE AND HOSPITAL AND INSTITUTIONAL EMPLOYEES UNION LOCAL 113 AFL-CIO AND ABBOTT HOSPITAL AND OTHERS.

133 N. W. (2d) 826.

February 19, 1965—No. 39,676.

*Peterson, Bell & Converse* and *Willard L. Converse,* for appellant. *Felhaber, Larson & Fenlon, Richard S. Felhaber,* and *Thomas M. Vogt,* for respondent hospitals.

FRANK T. GALLAGHER, C.

On January 4, 1965, appellant filed a dismissal of its appeal. The respondents made no objections thereto. On the same date, this court ordered the appeal dismissed. On January 15, the clerk taxed the following costs and disbursements against appellant: Statutory costs—$10. Printing brief—$52.

Appellant has appealed from the taxation of costs and disbursements, contending that since the court's order dismissing the appeal was based upon appellant's dismissal and respondents' failure to object thereto it was a voluntary dismissal of appeal in which respondents in effect acquiesced and that respondents under such circumstances cannot be classified as a prevailing party under Supreme Court Rule XV (222 Minn. xxxvii) or under Minn. St. 607.01. Appellant contends that this is not the same as an involuntary dismissal brought

about by a respondent who prevails upon the court to dismiss an appellant's appeal, because in that situation the respondent has "prevailed" by successfully defending his position through preventing the hearing of the appeal. It is appellant's position that where it dismisses the appeal without objection from respondents, there is no prevailing party because the court did not rule on the merits nor did respondents secure a dismissal of the appeal.

In an appeal from the clerk's taxation of costs and disbursements in Sanitary Farm Dairies, Inc. v. Wolf, 261 Minn. 166, 177, 112 N. W. (2d) 42, 50, this court said:

"The right to tax costs and disbursements in this court is controlled by Minn. St. 607.01 and Supreme Court Rule XV (222 Minn. xxxvii). Section 607.01 provides:

" 'Costs in the supreme court may be allowed, in the discretion of the court, as follows:

" '(1)   To the prevailing party, upon a judgment in his favor on the merits, not exceeding $25;

\*   \*   \*   \*   \*

" 'In all cases the prevailing party shall be allowed his disbursements necessarily paid or incurred.'

"Rule XV provides that unless otherwise ordered the prevailing party shall recover costs in the amount provided by the above statute.

"A prevailing party has been defined as one who procures a reversal or modification of the order or judgment from which the appeal is taken. Sanborn v. Webster, 2 Minn. 277 (323); Henderson v. Northwest Airlines, Inc. 231 Minn. 503, 511, 43 N. W. (2d) 786, 792."

The following statement appears in 20 C. J. S., Costs, § 317:

"Ordinarily, where appellant or plaintiff in error dismisses an appeal or writ of error, he must pay costs of appeal."

Ridgway v. Mirkovich, 192 Minn. 618, 256 N. W. 521, is cited in support of this proposition. In that case, the plaintiff voluntarily filed a motion to dismiss because the subject matter of the appeal had become moot. His adversary filed a similar motion and was allowed to

tax costs, but the opinion contains no discussion of the question of whether the respondent was a prevailing party.

In 14 Am. Jur., Costs, § 96, the following statement appears:

"Since the appellant is accountable for the bringing of review proceedings, it is entirely just that he should be made to bear the costs of them where he has them dismissed; such apparently is the unanimous opinion of the courts."

This statement refers to an annotation which is to be found in L. R. A. 1917A, 120, which says:

"The appellant being accountable for the bringing of the appeal, it is entirely just that he should be made to bear the costs of it where he has it dismissed, and such is the unanimous opinion of the courts. It has even been hinted that an order entered by an appellant, dismissing his appeal, is a nullity unless he pays such costs. The rule is the same where a portion of several coappellants, jointly suing out a writ of error, dismiss it as to themselves."

Authorities cited in the annotation include Ullman v. Sandell, 158 Mich. 396, 122 N. W. 617; Fort v. Fort, 118 Tenn. 103, 101 S. W. 433; and Oelberman v. Newman, 83 Wis. 212, 53 N. W. 451.

It appears to us under the facts and circumstances here and the above-cited authorities, that inasmuch as appellant was accountable for bringing this appeal and later voluntarily dismissed it, it is only reasonable that it should bear the costs and disbursements involved. Appellant contends, however, that this should not be so because respondents raised no objection to the dismissal. We cannot see why that fact requires a different conclusion as it would appear only reasonable under the record here that respondents would have no objection to the dismissal of the appeal. Even so, respondents sustained some expense in the matter and are entitled to their costs and disbursements in the absence of the filing of a stipulation to the contrary between the parties involved.

The clerk's taxation of costs and disbursements against appellant is affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.