STANISLAUS K. KRIGBAUM, APPELLEE, v. N. N. VINDQUEST, APPELLANT.

**Contract:** CONSTRUCTION. V. entered into a contract with K. to put up and sell ice, K. to perform the labor. The contract contained a provision that if K. became dissipated and neglected the business V. might terminate the contract. K. put up a large quantity of ice, and was disposing of the same as agreed upon when V. excluded him from the business upon the ground that he had become dissipated. *Held, 1st,* That under the terms of the contract, unless K. had become dissipated *and* also neglected the business, V. had no right to terminate the contract. *2d,* That V. was liable to account to K. for his share of the proceeds of the ice.

APPEAL by defendant from a decree rendered by SAVAGE, J., in the district court of Douglas county.

*C. A. Baldwin,* for appellant.

*E. Wakeley* and *T. W. Richards,* for appellee.

MAXWELL, CH. J.

In December, 1876, the plaintiff and defendant entered into the following agreement:

"Articles of agreement entered into the first day of December, in the year 1876, between N. N. Vindquest and S. K. Krigbaum, witnesseth: That for the purpose of putting up and selling ice in the city of Omaha, during the year 1877, the said N. N. Vindquest covenants and agrees with the said S. K. Krigbaum that he will furnish all the ice-houses, all tools, and sawdust, all the teams and food for the same, all the money necessary to put up the ice, and everything else needed. Also that he will furnish said Krigbaum a house, free of rent, near the ice-house on Sixteenth street. And the said Krigbaum, for and in consideration of the covenants of the said Vindquest, covenants and agrees that he will put up the ice by safely and securely housing the same, and will, from time to time, sell and dispose of the same to the best advantage, and will use his best endeavor to make the said business profitable. It is covenanted and agreed between the parties that all expenses are to be taken out of the amount realized from the sale of said ice, and that the said Vindquest is to receive back the advances made by him out of the first proceeds above the necessary expenses of the business, and of Krigbaum's living, the latter to be charged to him in his account, and that the profits are to be equally divided, Krigbaum to have one-half and Vindquest to have one-half. And it is further agreed between the parties that this agreement shall be binding upon them for one year from the date aforesaid. Pro-

vided that if said Krigbaum shall become dissipated and neglect the business, then the said Vindquest to have the right to terminate the agreement.

"In witness whereof we have hereunto set our hands and seals.

"N. N. VINDQUEST.

"S. K. KRIGBAUM."

Krigbaum under this contract put up a large amount of ice, and seems to have performed his duty as a partner until about the twenty-second of July, 1877, when Vindquest, under the pretext that Krigbaum had become dissipated, took possession of all the ice, teams, and books, and excluded Krigbaum from taking any part in the business. Vindquest sold the ice remaining on hand, keeping no account of the receipts and disbursements, and appropriated the proceeds to his own use. The plaintiff filed a petition in the district court of Douglas county for an account, and praying judgment for the sum of $3,000 and interest. Issues were made up and the cause was tried at the April, 1879, term of the court, and judgment rendered in favor of the plaintiff for the sum of $1,298.17 and costs. The defendant appeals to this court.

There is some testimony in the record tending to show that Krigbaum was addicted to the use of intoxicating liquors, but we fail to find any evidence showing that he thereby neglected his business. The right of Vindquest to terminate the contract depended on two conditions, viz.: that Krigbaum "shall become dissipated *and* neglect the business." The defendant therefore had no right to terminate the contract in the manner he did.

But even if Krigbaum had become dissipated and neglected the business it would not give Vindquest the right to appropriate all the partnership property to his own use. Such conduct on the part of Krigbaum

would have justified a termination of the partnership and a sale of the partnership property, but the proceeds after the payment of the partnership debts must be divided between the partners in proportion to their respective interests, and could not be appropriated by either to the exclusion of the other. Various objections are made to the judgment of the court below. Mr. Vindquest should have kept an account of the receipts and disbursements by him, and having failed to do so, the exact amount due from him to plaintiff cannot be determined. But he should not be permitted to profit by his own wrong. The testimony, however, fully sustains the judgment, and we fail to perceive any error in the record of which defendant can complain. The decree must therefore be affirmed.

DECREE AFFIRMED.