# Moore v. Price, et al.

*Bill in Equity for the Dissolution of a Partnership.*

116 247
127 63
116 247
142 448

1. *Husband and wife; coverture a personal defense.*—Coverture is a personal defense, which can be interposed only by a wife or her personal representative; and, therefore, in a suit in which the wife seeks to enforce rights which she acquired by virtue of a contract entered into by her, the defendants can not set up her coverture as a defense to the enforcement of such rights.

2. *Dissolution of partnership; where sufficient cause shown therefor.*— Where a member of a firm, under the provisions in the articles of co-partnership, giving to each partner a right to inspect the books at any time, requests a showing as to the condition of the firm, stating his inability to personally inspect the books and ascertain the condition of the business, a letter from the other members of the firm, acknowledging the request, and reciting, "In reply, will say that we have no books or papers of any kind open to inspection, and have no. statements to render, either in books or papers, as we do not consider that you have any interest in our business, and do not consider you as a partner," furnishes a sufficient cause for the dissolution of the part-. nership on application to a court of equity by the partner who made the request; such letter, in terms, excluding such partner from participation in the partnership business, and denying him access to the books and papers of the firm, which was a right secured to him by the articles of co-partnership.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant against the appellees; and prayed for the dissolution of a partnership existing between the complainant and the de-

[Moore v. Price, *et al.*]

fendant by virtue of a written agreement entered into by them, and also for an accounting and settlement of the partnership affairs.

The defendant demurred to the bill upon the ground that there was no mutuality in the contract of partnership, because at the time of entering into said partnership, the complainant was a married woman, and was incompetent to enter into a contract of partnership with the defendants. This demurrer was overruled, and the defendants filed a plea in which they averred the fact that the complainant was a married woman at the time of entering into the contract of partnership, and that said contract was entered into without the written consent of her husband, and without his consent for her to engage in business, as provided by the statute.

The evidence established without conflict that the complainant was a married woman and that she had the written consent of her husband to enter into the contract of co-partnership, under which the business of the firm of Thomas Price & Co. was conducted. The evidence further established without conflict that before the filing of the bill the complainant, Maggie Moore, was excluded from participation in the partnership affairs of Thomas and William Price, and she was denied access to the books and papers of the company on the ground that she was not recognized as a partner; and that the firm of Thomas Price & Company did a profitable business. The other facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered her bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

COLEMAN & BANKHEAD, for appellant.—A total exclusion of a partner from participation in the business, or exclusion of a partner from access to the books of the firm is a cause for dissolution.—17 Amer. & Eng. Encyc. of Law, 1107 and authorities cited in notes 1, 2 and 3 ; *Meaher v. Cox*, 37 Ala. 201.

2. A married woman has full, legal capacity to contract in writing, as if she was sole, with the assent and concurrence of the husband expressed in writing.—Code

of 1886, § 2346. The contract of partnership under which an .accounting is sought is governed by section 2346 of the Code of 1886.

APPLING & McGUIRE, *contra.*—The complainant had not and has not the legal capacity to perform her part of said contract, nor to carry on her part of said partnership enterprise, and the contract is wanting in mutuality and void in law and in equity.—*Larkin v. Woosley*, 109 Ala. 258; *Strauss v. Glass*, 108 Ala. 546; *Lehman v. Lewis*, 62 Ala. 129. For this reason the complainant's bill was wholly without equity.

HARALSON, J.—1. There is no merit in the demurrer and plea of defendants, questioning the right of complainant to maintain this suit, because of her coverture, and alleged consequent incapacity to enter into the contract of partnership with defendants, without the written consent of her husband expressed in writing, as provided by section 2346 of the Code, and without his consent for her to engage in business, as provided by section 2350 of the Code. The proof shows that before entering into said partnership she had the written consent of her husband to do so. But waiving, as unnecessary, a consideration of the question thus sought to be raised, it is a sufficient reply to this particular defense to say that this suit is by the wife, and her coverture and incapacity on account thereof to contract except in the manner allowed by statute, is a matter intended for her personal protection, and when sued on a contract executed by her alone, she may or may not plead coverture. It is a personal defense, which she, or her personal representative, if she is dead, may alone interpose.—*Scarborough v. Borders*, 115 Ala. 436. The defendants contracted with complainant, took her into copartnership relations with themselves for all the advantages to accrue therefrom, and having enjoyed these supposed advantages, on a dissolution of the copartnership, they cannot deny her the fruits of her association with them, because of any alleged incapacity of hers to enter into said copartnership contract. We know of no principle of equity or law, by which such a defense can be entertained.

2. On the 13th of August, 1895, Mrs. Moore, it ap-

pears, addressed Thomas Price & Co. a letter, in which she stated, that by the terms of the contract of partnership, it was agreed that all books, vouchers, accounts and notes belonging to the partnership, should be open to inspection of any one of the partners, at any and all reasonable times, and as it was not convenient for her to personally inspect the books and ascertain the condition of the business, she ventured to ask them kindly to have a statement made up showing the condition of the business, the amount of the bills payable, accounts owing and those due, and generally, such information as would enable her intelligently to understand the exact condition of their partnership affairs. This request by one partner of another was not improper, and is not open to a construction that she had voluntarily withdrawn from the partnership. Her husband, who was her agent, representing her interest in the business, and who, with the other two partners, received an equal salary for their services, for reasons he gave, tending to show that his personal relations with his wife's partners were not pleasant, had left their service, but there is nothing in the evidence tending to show that the complainant had been guilty of any act, by which she forfeited her place and rights as a partner. He was not instigated, so far as appears, in abandoning the service, by anything his wife had done or said. On the 14th of August, Price & Co., in the name of the partnership, addressed her a letter in reply, acknowledging the receipt of her letter, in which they said : ''In reply, will say that we have no books or papers of any kind open to inspection, and have no statements to render either in books or papers, as we do not consider that you have any interest in our business, and do not consider you as a partner.''

This letter, in terms, excludes the complainant from participating in the partnership affairs, and denies her access to the books and papers of the firm, a right secured to her by the contract of partnership, and this, on the ground, that she was not recognized by her co-partners as any longer a member of said firm. This fact is a well recognized cause of dissolution on application to a court of equity. It also manifested that the good will, confidence and concert of effort, indispensable to the profitable management of the business no longer existed,

rendering it impossible for the partners to conduct their business together according to the agreement into which they had entered.—*Meaher v. Cox, Brainard & Co.*, 37 Ala. 201; 17 Am. & Eng. Encyc. of Law, 1107; Story on Part., §§ 275-290; 2 Lindley on Part., 580.

The complainant was entitled, under the pleadings and proofs, to a decree of dissolution of said partnership, and to an account as prayed for, between her and her copartners.

Reversed and remanded.


