CLINK *v.* CARPENTER.[1]

ACCOUNTING—PREMATURE SUIT.

Defendant furnished money to purchase lands sold for taxes, and complainant was to attend to the legal business connected therewith, manage the enterprise, and receive one-half of the profits on sales, after deducting the purchase price and expenses. Lands not sold were to belong to the parties equally. Complainant testified that it was understood that the properties might remain in defendant's name one year, if not sold. *Held,* in a suit for an accounting brought before the expiration of the year, that complainant was not entitled to a one-half interest in the lands except on payment of one-half of the purchase price.

Appeal from Muskegon; Russell, J. Submitted November 16, 1899. Decided February 20, 1900.

Bill by Stephen H. Clink against George W. Carpenter for an accounting. From a decree for complainant, defendant appeals. Reversed.

Complainant, an attorney-at-law, and defendant, a farmer, entered into the following agreement:

"It is hereby agreed by and between George W. Carpenter, of Coopersville, and Stephen H. Clink, of Muskegon, that they shall operate jointly in the purchase of tax titles, and in disposing of the property purchased.

"It is agreed that the said Carpenter has furnished the money to purchase twenty-one descriptions in the city and county of Muskegon.

"The said Clink shall put in his time and legal skill in the management of this enterprise, and all law business of every nature pertaining to the same. Then, as each piece is disposed of, the said Carpenter shall take out for himself whatever sum of money he has expended in the purchase of said piece, and the expenses, and the balance

---

[1] Rehearing denied May 18, 1900.

shall be divided equally between said Clink and said Carpenter; and any piece that cannot be sold or disposed of satisfactorily to both parties within a reasonable time shall belong equally to said parties. Whatever further purchases are made shall be governed by these same conditions."

While the contract was dated January 5, 1897, it was not executed until February 5th. For these 21 descriptions, defendant paid $1,800. Other lands were afterwards purchased. Several pieces of the lands had been sold by Mr. Carpenter, and settlement made. Trouble arose between defendant and complainant, whereupon complainant, on May 16, 1898, filed this bill, praying for an accounting, that defendant be compelled to convey to him a one-half interest in the lands unsold, and that the same be partitioned and divided. The case was heard upon pleadings and proofs in open court. There were many disputed items, but the principal questions arose over the construction of the contract, and the effect of a deed of what is known as the "Sullivan Farm" by complainant to defendant; the former claiming that it was a sale for $1,400, and the other claiming that it was a mortgage to secure a loan of $126. The court below decided all the contentions in favor of the complainant; held that, by the terms of the contract, complainant was entitled to a one-half interest in the lands, without payment to defendant for the moneys which he had advanced; that defendant was indebted to complainant in the sum of $688.94; and directed a sale of the premises upon failure of defendant to pay.

*Stephen H. Clink* (*Walter I. Lillie*, of counsel), *in pro. per.*

*Henry B. Fallass* (*A. C. Denison*, of counsel), for defendant.

GRANT, J. (*after stating the facts*). 1. The titles to a part of these lands were obtained from the auditor

general the latter part of July, 1897, and the titles to the other portions were not obtained until August and November of the same year. Complainant filed his bill May 16, 1898,—less than 10 months after the first titles were obtained, and about 6 months after the last title was obtained. It is the theory of the complainant, and the court so held, that a year was a reasonable time within which to dispose of these lands, and thus enable Mr. Carpenter to receive back the purchase price. Complainant testified that, before the contract was drawn, it was understood—that he had a conversation with defendant in which it was said—that the property should remain in his (defendant's) name one year, if not sold. Under the decree, complainant receives the benefit of the money paid by defendant in the purchase of the lands remaining unsold, which was about $2,000. Defendant is also compelled to pay the expenses (or at least one-half of them) paid out by Mr. Clink in the joint venture. It is contended by the defendant that the plain construction of the contract is that, when the lands were sold, he was to receive back the amount advanced, and that complainant was limited to one-half of the net profits. We need not determine which is the correct construction. The decree is contrary to the complainant's own theory and testimony. The year had not expired when he filed the bill. He was not entitled to his one-half interest in the lands, relieved from his obligation to pay half of the purchase price, until after a year from the date of each deed. Complainant chose to dissolve the partnership, and filed his bill for an accounting. He must lie in the bed he has made. At that time he was not entitled to his one-half interest. He has thereby waived the question of time, and is only entitled to his interest upon paying one-half of the purchase price and expenses paid by defendant.

2. Clink was once the owner of what is known as the "Sullivan Farm;" mortgaged it to one Torrent, who foreclosed and bid it in; neglected to pay the taxes; deeded it to his wife; purchased the tax title; and, about the time

that the contract which is the subject of this controversy was made, gave a warranty deed to the defendant. The only title he then had was the tax title. The courts subsequently held that tax title void. Complainant contends that this conveyance was an absolute sale for the sum of $1,400, $100 of which he testified was paid at the time, and that the balance was made up of various items which defendant contends were to be used, and some of which were used, in the purchase of these titles. Complainant made defendant his own witness, who testified that the deed was given him to secure a loan of $126. Complainant afterwards took the stand and contradicted him, testifying that it was a sale. Complainant therefore stands in the position of contradicting his own witness in matters as to which it was entirely unnecessary to call him. Whether he is bound by his testimony under such circumstances, we need not determine. We have no hesitation in holding that the clear weight of the evidence upon the point is with the defendant, Carpenter. It follows that the court was wrong in holding that this conveyance was a deed, and not a mortgage. It also follows that the moneys which the complainant received from defendant, and which he sought to apply upon the payment of the purchase price of this land, must be charged up to complainant in the accounting.

There are other small items of difference, unimportant here to determine. In so far as they are not covered by the above rulings, they can be disposed of upon the settlement of the decree.

Decree reversed, and entered here in accordance with this opinion, with costs.

The other Justices concurred.