# HARRY H. GREEN v. NATIONAL ADVERTISING & AMUSEMENT COMPANY AND OTHERS.[1]

May 25, 1917.

Nos. 20,256—(93).

**Corporation — officers' duty to stockholders — relief in equity.**

1. The officers of a corporation are charged in the performance of their duties with certain obligations of trust and confidence to all the stockholders thereof without discrimination, to be performed with fidelity, and any intentional deviation or departure therefrom to the substantial injury of any of the stockholders constitutes wilful mismanagement as a matter of law, for which a court of equity has jurisdiction to call them to account.

**Same — liquidation and receivership justified for violation of duty.**

2. Where such officers, chosen by stockholders representing and owning one-half the corporate stock, in collusion with such stockholders, intentionally manage and conduct the affairs of the company in the exclusive interests of those so electing them, allow themselves exorbitant salaries, wrongfully exclude the stockholders owning the other one-half of the stock from participation in the profits or property of the company, and there is such enmity and hostility between the contending stockholding factions as to render harmonious management of the company impossible, a court of equity · may, without statutory authority, at the suit of the excluded stockholders, though the corporation be not insolvent, entertain proceedings to wind up the affairs of the corporation, convert its property into money for distribution to those entitled thereto, and appoint a receiver to conduct the affairs of the concern pending the proceedings.

**Findings sustained.**

3. The findings of the trial court are sustained by the evidence.

Action in the district court for Hennepin county for an accounting by defendants Barnet and for the appointment of a receiver of defendant corporation. The case was tried before Fish, J., who when plaintiff rested denied defendants' motion to dismiss the action as to defend-

[1]Reported in 162 N. W. 1056.
137 M—5

ant Annie G. Barnet, made findings and ordered that a receiver be appointed. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Jay W. Crane,* for appellants.

*Keith, Kingman, Cross & Wallace,* for respondent.

BROWN, C. J.

This action was brought to wind up the affairs of the defendant corporation, for an accounting by the officers thereof, the appointment of a receiver pending this action, and for other relief. The complaint sets out the facts at length and in detail, the material portions of which are put in issue by the answer. The action was tried by the court without a jury, at the conclusion of which the court made and filed findings disclosing substantially the following facts:

The defendant National Advertising & Amusement Company is a corporation organized and existing under the laws of this state. Plaintiff owns one-half of the corporate stock and defendants Jacob and Annie Barnet, husband and wife, the other half. The sole business of the corporation is the operation of a moving picture theatre in Minneapolis. Subsequent to the organization of the company defendant Jacob Barnet was chosen president, plaintiff was chosen secretary and treasurer, and defendant Annie Barnet was named vice president. Under this management the corporation did a profitable business and continued thereafter to be a paying and going concern. But dissensions arose between plaintiff and defendant Jacob Barnet, in apparent adjustment of which plaintiff relinquished his office as treasurer, Mrs. Barnet was chosen in his place, and plaintiff became vice president. Thereafter the Barnets, husband and wife, continued to conduct the affairs of the company, and are now in control thereof. Further dissensions arose between the parties, as a result of which defendants have excluded plaintiff from participation in the property or affairs of the company, and since November, 1914, have conducted the business solely in their own interests. They have allowed themselves excessive salaries, and refused plaintiff access to the books, or to information concerning the profits or expenses of the company. The court further found that by reason of the situation enmity and ill-will had arisen between the parties, plaintiff on

the one hand and Barnet and wife on the other; the latter being a sister of plaintiff. That by reason of the ill-will of the parties toward each other, coupled with the equal distribution of the capital stock of the corporation, defendants have practically excluded plaintiff from participation in the management of the company's business and property; have handled the business in all respects in their own interests exclusively, and in disregard of the rights of plaintiff. That the quarrel between the parties has led to costly litigation, and to charges and countercharges concerning the management of the concern, and even to personal violence between plaintiff and Mrs. Barnet, who acts with her husband against plaintiff. The profits of the business have fallen off materially as a result, "probably due, in part at least, to mismanagement" on the part of defendants. The court was not specific upon the question of mismanagement. Upon these facts and the situation as presented by the evidence, taken as a whole, the court concluded that an accounting should be had and a complete readjustment of the corporate affairs effected. Accordingly the court ordered the appointment of a receiver to take charge of the affairs of the corporation, "and if necessary to close up the affairs of the corporation, pay its debts, and distribute the surplus, if any, to the persons entitled thereto."

Defendants appealed from an order denying a new trial.

Two principal questions are presented by the assignments of error: (1) Whether the findings of fact are sustained by the evidence; and (2) whether the conclusions of law are justified by the findings of fact.

1. We answer the first question in the affirmative, without going into an extended discussion of the evidence. We gather from the evidence that plaintiff and one La Bar originally established the business, but some time in the year 1911 defendant Jacob Barnet was induced by plaintiff to purchase the La Bar interest, and thereafter and until the formation of the corporation plaintiff and Jacob operated the company as a copartnership. It was later turned over to the corporation and conducted by the officers as heretofore stated. The evidence further tends to show that since that time dissensions, wrangling and disputes between the parties, plaintiff on the one side and the Barnets on the other, have been practically continuous. Out of this grew the litigation found by the court to have been costly, and the charges and counter-

charges of misconduct on the part of each of the contending parties. This apparently has led to irreconcilable differences, mutual hostility and enmity even between brother and sister, plaintiff and Mrs. Barnet, disclosing a situation which will preclude an amicable operation of the affairs of the corporation in the interests of all concerned. This s shown by the arbitrary action of the defendants in taking and receiving excessive compensation for their services, as well as their apparent determination wholly to exclude plaintiff from the company. They were elected managing officers at a time when the friction was less intense, and by reason of the equal division of the stock they are secure in their positions, and in the right to continue the management of the company to the exclusion of plaintiff, unless the court shall step in and relieve the situation. These facts, though in some respects challenged by defendants, are clearly established, and the findings of the court thereon are fully sustained. \

The court was also right in the finding that the compensation defendants allowed themselves was excessive, and their contention that plaintiff, through his representative, acquiesced therein by not voting against the proposition submitted by them at a corporation meeting held on November 2, 1914, which had for its purpose a ratification of the allowance which had previously been ordered in violation of the rules of the company, is not sustained by the record. Plaintiff's representative at that meeting vigorously protested against the proceeding, and his failure at that time to vote the stock of plaintiff against the proposition cannot well be said to constitute a waiver of such protest, or an acquiescence in the attempted ratification proceeding. It does not matter whether the proposed ratification, which was adopted by the votes of defendants, representing one-half the stock, was legal or not. Morrill v. Little Falls Mnfg. Co. 53 Minn. 371, 55 N. W. 547, 21 L.R.A. 174. The fact remains that they voted the salary to themselves, over the protest of plaintiff, and their wrongful conduct is disclosed by the finding of the trial court that the amount was excessive. That whole proceeding tends to characterize the arbitrary conduct of defendants, and their purpose to override plaintiff and ignore all his rights and interests. So we conclude without further remark

that all the findings of the trial court are fully supported by sufficient competent evidence.

2. The question whether a court of equity in this state, in the absence of statutory authority, has the power and jurisdiction, upon facts like those here presented, to wind up the affairs of a domestic corporation and adjudge a dissolution thereof, presents the principal question in the case. We think the question is answered by the decision in Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158 N. W. 820. It is true that the corporation in the case at bar is not shown to be insolvent. But the conduct of defendants in the management and control of its affairs is unlawful, if not fraudulent as a matter of law, and therefore sufficient to call for the exercise of the equitable power of the court, to the end that the property may be preserved in the interests of all. Defendants insist that no mismanagement is shown. In this we do not concur. Though the court did not find that fact in express language, the findings taken as a whole do disclose a clear case of a failure faithfully to discharge the duties imposed upon defendants as the officers of the company. As such officers they are charged with certain duties and responsibilities, not only to third persons dealing with the corporation, but toward all the stockholders, without discrimination, and all others having interest in the company. The position is one of trust and confidence, the duties thereof must be performed with fidelity, and any wilful and intentional deviation or departure therefrom constitutes a breach of the trust so imposed, which the law will pronounce mismanagement, where the departure from the path of duty results in substantial injury to the best interests of the corporation. The principles of the law upon the subject are fully and clearly stated, with citation of authorities in 10 Cyc. 787, and 918, et seq.

We therefore hold, following the Thwing case and the rule there stated, which seems in full accord with the trend of the more recent judicial opinion, that on facts like those here presented, where by reason of the misconduct of those controlling the corporation substantial injury will result to the stockholders, a court of equity may, without statutory authority and in the absence of corporate insolvency intervene by way of receivership, require an accounting from the delinquent officers, order a sale of the corporate assets and adjudge a

dissolution of the corporation. While as stated in the Thwing case a dissolution will be ordered only when it appears that the rights of the aggrieved parties can be protected in no other way, it sufficiently appears in the case at bar that the rights of the plaintiff in this case can be protected in that way only, and the injury is substantial. The court may therefore adjudge a dissolution of the corporation and a distribution of its assets. Knutson v. N. W. Loan & Bldg. Assn. 67 Minn. 201, 69 N. W. 889, 64 Am. St. 410; Sjoberg v. Security S. & L. Assn. 73 Minn. 203, 75 N. W. 1116, 72 Am. St. 616; Miner v. Belle Isle Ice Co. 93 Mich. 97, 53 N. W. 218, 17 L.R.A. 412; Exchange Bank of Wewoka v. Bailey, 29 Okla. 246, 116 Pac. 812, 39 L.R.A.(N.S.) 1032; Brent v. B. E. Brister Sawmill Co. 103 Miss. 876, 60 South. 1018, 43 L.R.A.(N.S.) 720, Ann. Cas. 1915B, 576.

The authorities are not in harmony upon this question as applied to corporations not shown to be insolvent, where the court is without statutory authority to grant relief in such cases. This is pointed out in the Thwing case. But we find no real disagreement in the adjudications in cases where like relief, upon similar grounds, is sought in actions against mismanaged copartnerships. 1 Rowley, Partnership, § 586; 2 Id. § 715, et seq.; Moore v. Price, 116 Ala. 247, 22 South. 531; Whalen v. Stephens, 193 Ill. 121, 61 N. E. 921; Singer v. Heller, 40 Wis. 544. If the rule be sound as applied to copartnerships, the manner and form of the organization or corporation would seem not a sufficient reason for denying similar relief at the suit of stockholders thereof.

While it is clear that the court may, as a necessary step in the proceedings, appoint a receiver to take charge of the corporate business and affairs, to convert the property and effects into money, the question whether there should be a final dissolution of the corporation should not be left to the receiver to determine, but should be definitely declared by the court, and a time set for the sale and disposal of the property and a distribution of the proceeds among the stockholders. There should be reasonably prompt action in a case of this kind, to the avoidance of a long-continued operation of the business of the company under the guidance and supervision of the court. If, within the time fixed by the court for a sale, the parties come to some amicable arrangement which will obviate further judicial proceedings, matters can readily be ad-

justed to that end. We make these observations in view of the uncertainty of the order of the court upon the subject of a dissolution of the corporation, and in view of the further fact that a representative of the court should not remain in the moving picture business for any considerable length of time.

This covers the case and all the questions requiring special mention. We have not overlooked any of the points nor arguments of appellant, but have considered all thereof, with the result that no error is discovered justifying a new trial.

Order affirmed.