ALFRED H. LAVOINE *vs.* CHARLES J. CASEY.

Suffolk.    November 14, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Partnership,* Dissolution, Accounting.

A persistent refusal by one of two partners, who kept the accounts of the partnership, to join with his partner in an accounting in accordance with a provision of the partnership agreement that an accounting should be had at the end of each fiscal year, justified a notice of dissolution of the partnership by the second partner.

A partnership agreement in writing provided in substance that one partner should furnish cash in the amount of $1,000 and that the other should furnish skill and experience, and that, upon dissolution, the first partner should first be paid all sums advanced by him beyond $1,000 with interest on such advances, and that "thereafter the remaining assets after payment of any indebtedness shall be liquidated and equally divided between the" partners. The second partner terminated the partnership by notice for breach of the agreement by the first partner. *Held,* that the fact that the partnership was dissolved before the end of the term specified in the agreement did not preclude the second partner from receiving one half of the balance of the assets after payment of debts and payment to the first partner of all advances made by him beyond $1,000 and interest thereon.

BILL IN EQUITY, filed in the Superior Court on February 20, 1923, for an accounting on dissolution of a partnership.

The suit was referred to a master. The master found that the defendant invested $1,413.37 in the partnership capital; that the excess of $413.37, beyond the $1,000 which the agreement required him to contribute, was contributed from time to time before November 11, 1920; that, at the time of the dissolution notice by the plaintiff, the defendant took over the assets of the partnership; that the total amount of the partnership assets at that time equalled $2,054.81, and the total amount of liabilities $241.75; that the partnership owed the plaintiff on account of money advanced for bills $21.43; and that the plaintiff owed the partnership upon a note $67.50.

Other material findings by the master are described in the opinion. By order of *Sisk,* J., a final decree was entered

directing the defendant to pay to the plaintiff $671.69 as a balance found due him upon the accounting, and costs. The defendant appealed.

*F. Burke,* (*J. P. Bell* with him,) for the defendant.

*J. E. Riley,* for the plaintiff.

PIERCE, J.   This is a bill in equity for an accounting between the plaintiff, Alfred H. Lavoine, and the defendant, Charles J. Casey, copartners in the business of wheelwrighting and body work in Boston, under the firm name of Lavoine & Casey Co.   While the bill does not so allege, all parties agree that it is to be taken that there is a dissolution and that the account sought is a formal and final account.   On the filing of the answer the case was referred to a master, who heard the parties and their witnesses and duly made a report to the Superior Court.

From the report it appears that the plaintiff and the defendant in July, 1920, orally entered into the partnership agreement which was reduced to writing on January 1, 1921. This agreement provided in substance that the copartnership should be for a term of five years from January 1, 1921. It contained the following provisions:

" Second.   The said Charles J. Casey has paid into said partnership the sum of One Thousand ($1000.) Dollars as his contribution to the capital, and the said Alfred H. Lavoine is to contribute his skill and experience as his share of the capital.

" Third.   If the said Charles J. Casey shall furnish to the partnership capital in excess of said sum of One Thousand Dollars ($1000.), he shall receive interest on same at the rate of six per cent per annum, the partnership is to pay back to the said Charles J. Casey twenty per cent. of such excess at the end of each fiscal year before any profits are divided and the said Charles J. Casey shall be paid back all of such excess before the partnership term of five years expires."

" Eighth.   Upon the dissolution of this partnership the said Charles J. Casey shall be first paid in full for all money advanced by him to the partnership in excess of the sum of One Thousand ($1000.) Dollars referred to in Section Second

and interest thereafter the remaining assets after payment of any indebtedness shall be liquidated and equally divided between the said Alfred H. Lavoine and the said Charles J. Casey."

" Sixth. Accurate books of account shall be kept showing the condition of the firm business and finances and at the end of each fiscal year beginning December 31, 1921, an accounting shall be had between the partners and each partner shall receive one-half of the net profits for that year and shall be liable for one-half of any losses that may be sustained in said partnership business."

The master found that the business of the firm was started on July 15, 1920; that the plaintiff was a skilled wheelwright; that the defendant was not; that it was arranged between them that the defendant should keep the cash account and the plaintiff should keep the day book and the ledger; that this was done throughout the partnership; that the books of the firm, including cash book, day book, ledger, check book and the bank statements, were at all times accessible to both partners; that between July 15, 1920, and November 11, 1920, the defendant contributed $413.37 in excess of the sum of $1,000; that shortly after December 31, 1921, the plaintiff asked the defendant to have an accounting; that the defendant took no action toward an accounting, claimed there was nothing for which to account, objected to the price of $20 (which an accountant brought by the plaintiff said he would charge), and neglected and refused to join the plaintiff in an accounting for the year 1921. The master further found that the plaintiff on a number of occasions in January, 1923, asked for an accounting and brought another accountant to the place of business of the firm; that the defendant said there was nothing to account for, objected to the expense of an accountant, and neglected and refused to join the plaintiff in an accounting for the year 1922.

The right to an accounting between the partners, at the time when the plaintiff requested the defendant to have an accounting, was secured to each of them by the sixth clause of their agreement, *supra*. This right was denied to the plaintiff and the first question presented on the record is,

Was the plaintiff acting within his rights in notifying the defendant that " the partnership heretofore existing . . . is . . . dissolved, and from and after the day and year above written, February 19, 1923, will be no longer of any force or effect " ?

St. 1922, c. 486, § 32, provides " (1) On application by or for a partner the court shall decree a dissolution whenever . . . (d) A partner wilfully or persistently commits a breach of the partnership agreement." The parties, by their formal action, have made an accounting to be had at the end of each fiscal year a material part of their contract. The persistent refusal of the defendant to abide by and perform the obligations voluntarily assumed by him to be performed justified the notice of the plaintiff to the defendant, and warranted his refusal to act further with the defendant in conducting the business of the firm. *Moore* v. *Price,* 116 Ala. 247. *Abbot* v. *Johnson,* 32 N. H. 9. *Durbin* v. *Barber,* 14 Ohio, 311.

In the absence of an agreement, express or implied, partners share equally in the profits and losses of the business; and on dissolution are entitled to the repayment of the capital contributed. *Whitcomb* v. *Converse,* 119 Mass. 38. The eighth clause of the partnership agreement takes the case out of the general rule, and provides for the payment to the defendant of all money advanced by him in excess of his contribution of $1,000 to the capital of the firm, for payment of any firm indebtedness, and finally for the equal division of the remaining assets. The contention of the defendant that the plaintiff cannot share in the $1,000 because he has not furnished his skill and experience for the remainder of the term is not supported in reason or by the cases. *Karrick* v. *Hannaman,* 168 U. S. 328, 339, *Clink* v. *Carpenter,* 122 Mich. 681, and *Krigbaum* v. *Vindquest,* 10 Neb. 435, cited in the defendant's brief, are not in point. We have examined all questions argued on the defendant's brief and find no error which warrants a recasting of the account.

*Decree affirmed.*