## HENRY B. COHEN v. MIRVISS MANUFACTURING COMPANY AND OTHERS.
## JOHN P. METZ, INTERVENER.[1]

June 21, 1929.

No. 27,307.

*M. H. Boutelle,* for appellant.

*Fletcher, Timerman & Vennum,* for intervener-respondent.

[1]Reported in 226 N. W. 198.

TAYLOR, C.

Plaintiff and defendant Philip Mirviss were the principal stockholders of defendant Mirviss Manufacturing Company, each holding nearly the same amount of stock. Plaintiff brought this action in the district court of Hennepin county to dissolve the corporation and wind up its affairs. Among other things the complaint contains allegations to the effect that plaintiff and Mirviss were the sole directors and officers of the corporation; that Mirviss was general manager and had exclusive control of all the books and records of the corporation and excluded plaintiff from any participation in its affairs; that Mirviss had fraudulently issued a large amount of the preferred stock of the corporation without authority and without any consideration therefor; that Mirviss had appropriated to his own use a large part of the funds of the corporation; that an accounting was necessary to determine the amount due from Mirviss to the corporation; that the corporation had ceased to do business; that it is solvent and able to pay all its valid debts in full; and that plaintiff filed this complaint on behalf of himself and all other lawful stockholders who should become parties thereto. He asked that a receiver be appointed, that an accounting be had, and that the affairs of the corporation be wound up and liquidated.

On March 31, 1924, Rolf Ueland was appointed receiver of the corporation pendente lite, and all creditors were required to file their claims with the receiver within 90 days, and were enjoined from interfering with any of the property of the corporation. Claims amounting to about $18,000 were filed. At a hearing thereon held on April 29, 1925, claims amounting in the aggregate to $9,647.17 were allowed by the court, of which the sum of $4,177.17 was allowed to plaintiff. On July 22, 1926, the corporation was adjudged a bankrupt on its voluntary petition, and on August 7, 1926, the intervener, Metz, was appointed trustee in the bankruptcy proceeding. In December, 1926, the trustee filed a petition in the Hennepin county court for an order directing the receiver to file his final account and to turn over to the trustee all the assets of the corporation. By agreement the application of the trustee

was held in abeyance pending the trial of plaintiff's action on the merits. In January, 1928, the receiver filed his final account to the effect that the affairs of the corporation had been wound up and its assets converted into cash; that the claims allowed amounted to the sum of $9,647.17; and that he had the sum of $5,230.01 on hand in cash. In February, 1928, the court approved the report of the receiver and fixed his compensation at the sum of $2,000 and directed that the remainder of the funds on hand be held subject to the further order of the court. The cause was tried on the merits in June, 1928, and the decision thereon was filed October 18, 1928. The decision provided that the receivership be made permanent, that the affairs of the corporation be wound up and liquidated, that the receiver be permitted to apply for the appointment of a referee to take an accounting between defendant Mirviss and the corporation, and that the court retain jurisdiction of the undetermined matters.

In April, 1928, the trustee renewed his motion for an order directing the receiver to turn over to him all the assets of the corporation, and on December 4, 1928, the Hennepin county court made an order directing the receiver to turn over to the trustee all the assets of the corporation in his hands. Plaintiff appealed to this court from that order.

Plaintiff contends that the receiver, having been in possession of the assets of the corporation for two years before the filing of the petition in bankruptcy, and the claims of creditors having been filed and allowed more than four months before the filing of that petition, the creditors whose claims were so allowed acquired a lien on the funds in the hands of the receiver superior to the title of the trustee in bankruptcy and had the right to enforce such lien in the state court without interference by the trustee. On the other hand, the trustee contends that the action, being a stockholders' suit to dissolve the corporation and wind up its affairs, the filing and allowance of creditors' claims was merely incidental thereto and created no lien on the assets; that the creditors not being judgment creditors and having no prior liens are merely entitled to have their

claims paid in due course in the same manner and in the same proportion that all simple contract creditors are paid; and that under the bankruptcy law he is entitled to all the assets of the corporation now in the hands of the receiver.

Plaintiff relies mainly upon Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. ed. 128; Taubel-Scott-Kitzmiller Co. Inc. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. ed. 770; Ackerman v. Tobin (C. C. A.) 22 F. (2d) 541. These cases hold that a valid lien acquired upon property of the bankrupt more than four months before the filing of the petition in bankruptcy is not divested or impaired by the bankruptcy proceedings; also that where a state court, for the purpose of enforcing such a lien, took possession of the property before the institution of the bankruptcy proceedings, it should be permitted to retain jurisdiction and to determine the rights in and the disposition to be made of the property so in its possession.

Our statute provides that where a judgment creditor of a corporation has an execution returned unsatisfied, he may file a creditor's bill to have the property of the corporation sequestered and a receiver appointed to take possession of such property. G. S. 1923, § 8013, as amended, 2 Mason, 1927, id. Where he does this more than four months before the filing of a petition in bankruptcy, it is conceded that he acquires a lien on the assets of the corporation in the nature of the levy of an equitable execution thereon which is not divested by the bankruptcy proceedings.

Where a stockholder brings an action to wind up the affairs of the corporation and a receiver is appointed and takes possession of its assets, and thereafter the corporation is adjudged bankrupt, it is held by the federal courts that the bankruptcy proceedings supersede the receivership, and that the trustee in bankruptcy is entitled to all the assets of the corporation and may recover them from the receiver whether the petition in bankruptcy was filed more or less than four months after the appointment of the receiver and whether the corporation was or was not insolvent at the time of

his appointment. Bank of Andrews v. Gudger (C. C. A.) 212 F. 49; Miller v. Potts (C. C. A.) 26 F. (2d) 851; Graham Mfg. Co. v. Davy-Pocahontas Coal Co. (C. C. A.) 238 F. 488; In re Mullings Clothing Co. (C. C. A.) 238 F. 58; Griffin v. Lenhart (C. C. A.) 266 F. 671. See also Struthers Furnace Co. v. Grant, 30 F. (2d) 576. But in those cases the rights of creditors whose claims had been filed and allowed in the state court were not involved nor considered.

The Gudger case [212 F. 49, 54, 55] upon which the respondent largely relies, emphasizes the fact that at the determinative time no creditor had been made a party nor "acquired any right or set up any claim in the state court." In another place the opinion comments that "creditors were not before the state court and had not acquired any lien on the property; and stockholders, in the nature of things, could not acquire through the receiver or otherwise any lien or other claim that was not subordinate to the right of creditors to have the estate administered in bankruptcy for their benefit." The case was reduced to this question: "Does the pendency of a suit in a state court instituted against a corporation by stockholders for the protection of their rights, and the possession of the corporate property by a receiver appointed in such suit, deprive creditors of the corporation of the superior right conferred on them by the federal statute" to proceed under the bankruptcy law? The answer of course was negative, the court saying: "An affirmative answer would mean that the stockholders of a corporation or the members of a partnership could at their will deprive creditors of the right conferred upon them by the federal statute to have the property of an insolvent debtor administered by the bankruptcy court." The court went on to say that "such a case is entirely apart from those cases in which a creditor has gone into the state court and established or acquired by his suit a legal or equitable lien on the property in the hands of the court four months before the filing of the petition in bankruptcy. In such cases * * * the creditor is entitled to enforce his lien in the first court that acquired jurisdiction."

In this state both creditors' and stockholders' bills are controlled by statute. G. S. 1923, § 8013, as amended, 2 Mason, 1927, id.

authorizes such a bill "upon complaint of a person obtaining judgment against a corporation * * * after the return unsatisfied of an execution issued thereon."

Section 8015 (2 Mason, 1927, id.) long a part of the same statute, authorizes dissolution on the petition of "a majority in number or interest of the members of a corporation" upon the grounds there stated; and also "upon petition of stockholders owning not less than forty per cent of such capital stock" upon the grounds and under the circumstances there specified. It is also settled in this state that where those controlling a corporation abuse their power by arbitrarily of fraudulently conducting its affairs so as wrongfully to appropriate to themselves the profits or property thereof to the substantial injury of minority stockholders, a minority stockholder may maintain an action to wind up the corporation. Green v. National A. & A. Co. 137 Minn. 65, 162 N. W. 1056, L. R. A. 1917E, 784; Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, 159 N. W. 564, Ann. Cas. 1918E, 420.

Section 8019 (2 Mason, 1927, id.) provides for the appointment of a receiver "in any action or proceeding to dissolve a corporation." It is under that section that a receiver is appointed by a district court, whether the bill is by creditors or stockholders.

Section 8022 (2 Mason, 1927, id.) provides that upon application of a creditor the court shall order the payment of unpaid stock subscriptions, and that "on application of a stockholder the court may make such order as will equalize the payments made by stockholders for their stock, and in like manner the court may enforce any liability of directors and officers."

These sections like many others, particularly those about to be mentioned referring to the filing, allowance and payment of claims, apply to stockholders' actions as well as to those of creditors.

Sections 8023 and 8024 (2 Mason, 1927, id.) provide for the filing of claims by creditors and a hearing thereon. They also apply to any sequestration proceeding, whether instituted by creditors or stockholders. That is equally true of G. S. 1923, §§ 8025 to 8031, as amended, 2 Mason, 1927, id. having to do with the enforcement of our constitutional double liability of stockholders.

So it seems plain that under Minnesota statutes, once the claims of creditors have been filed and allowed, it makes not the slightest difference to their rights and status that the action was initiated by stockholders rather than creditors, and in the latter case "the sequestration is in the nature of an attachment or execution on behalf of the creditors." Farmers L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 546, 29 N. W. 349; Minnesota T. Mfg. Co. v. Langdon, 44 Minn. 37, 46 N. W. 310. Whatever difference there may have been in equity between the stockholders' bill on the one hand and that of the creditors on the other, when under Minnesota statutes they have reached the stage where the claims of creditors have been presented and allowed, the two have become, as to creditors whose claims have been so filed and allowed, identical in purpose and effect. At that stage the property of the corporation is in custodia legis. It is in possession of the court by its receiver and the allowed claims of creditors are a direct charge upon it. Their right is in very essence a possessory lien, for the receiver in possession is in part the representative of the creditors holding for their benefit under a duty to apply the property accordingly.

In the instant case that stage had been reached much longer than four months before the filing of the petition in bankruptcy. No case has been cited for respondent holding that after a liquidation proceeding has reached such a stage the trustee in bankruptcy is entitled to the property as against the receiver. That element is noticeably absent from Miller v. Potts (C. C. A.) 26 F. (2d) 851; Bank of Andrews v. Gudger (C. C. A.) 212 F. 49; and the similar cases upon which respondent relies.

We are of opinion and hold that under our law creditors whose claims have been filed and allowed in a stockholders' suit to dissolve the corporation acquire a lien thereby upon the property in the hands of the receiver in the nature of an equitable levy or attachment. In the instant case this lien was acquired more than four months before the filing of the petition in bankruptcy, and therefore was not divested by the bankruptcy proceedings. It also appears that the funds in the hands of the receiver are not sufficient to pay the claims which have been so allowed, and that there will

be no surplus to be claimed or disposed of by the trustee. Under such circumstances the federal courts recognize the right of the state court to retain jurisdiction and distribute the assets to those entitled thereto.

In addition to the cases first above cited, see Union Elec. Co. v. Hubbard (C. C. A.) 242 F. 248; Blair v. Brailey (C. C. A.) 221 F. 1.

We reach the conclusion that the trustee is not entitled to the fund in the possession of the Hennepin county court, and the order appealed from is reversed.