WILLIAM C. HAWKINS v. FRED FOASBERG AND OTHERS.[1]

November 22, 1929.

No. 27,426.

[1]Reported in 227 N. W. 655.

*Stanley S. Gillam,* for appellant.
*Brill & Maslon,* for respondents.

WILSON, C. J.

The appeal is from an order denying plaintiff's motion for a new trial.

The plaintiff and his wife owned one-half of the capital stock of the Ideal Laundry Company, Incorporated. One Minton owned the other half. The three were the directors. The articles of incorporation call for three directors. Plaintiff was president, and his wife was secretary and treasurer. Minton was vice president. Plaintiff and his wife sold their half to defendants Fred Foasberg and his wife, Melinda E. Foasberg. They became directors in place of plaintiff and wife. Mr. Foasberg became president and Mrs. Foasberg became secretary. Minton sold his half to one Roadman, who later sold to plaintiff, who prosecutes this action for a dissolution of the corporation and a distribution of its assets to the stockholders.

The two directors have offered to elect plaintiff a director to fill the vacancy caused by Minton's selling his stock, so that he might thereby participate in the management of the corporate affairs. He would not serve. He wishes a salary and claims that he should be accorded two votes upon the board so as to avoid possible rule from the majority on the board. Not receiving such recognition, he prosecutes this action.

Mr. Foasberg as president is the manager of the business on a salary of $50 per week. He is a laundry man of many years' experience. Mrs. Foasberg is an educated woman and has 17 years' association with a laundry. She has charge of the employes and operates a machine in the laundry. She is paid $35 per week. A

daughter of Mr. and Mrs. Foasberg is employed in the office at $20 per week. It is not claimed that these people do not earn these wages nor that the wages are unreasonable.

■ Plaintiff attempts to bring this case within the operation of the rule of Green v. National A. & A. Co. 137 Minn. 65, 162 N. W. 1056, L. R. A. 1917E, 784. Counsel for appellant has diligently collected the authorities in support of the rules of law which he seeks to apply. In order to do this plaintiff must establish prejudicial mismanagement. Plaintiff argues that the record shows mismanagement in the internal affairs, and he also claims that "mismanagement" exists when one in plaintiff's position is not given the recognition which he demands. We cannot sustain these claims. When plaintiff acquired his present holdings in this corporation he presumably knew where the power of control rested. Foasbergs were in an advantageous position. They had acquired it fairly. Plaintiff could not deprive them of the benefit of their vision, judgment and business acumen so long as they acted with fidelity and efficiency in the administration of their trust. The record discloses that the business is fairly prosperous though it has felt some competition. Profits have been used to buy new machinery, and the equipment is now in better condition. There is a fair prospect that dividends will be paid. But the trial court found as a fact that defendants were not guilty of "mismanagement." He could not have found otherwise. The evidence is convincing. In the absence of mismanagement plaintiff cannot prevail in an action of this character.

There are a large number of assignments of error, but our consideration of them in connection with the entire record leads us to the conclusion that they are without merit and that plaintiff has been given a fair trial.

■ Upon the trial of the case the two defendants testified at length on cross-examination under the statute. When plaintiff rested defendants rested. They asked the court to make findings in their favor and for judgment of dismissal of the action on the merits. The court did not make findings but did dismiss the action upon

the merits. Plaintiff appealed from an order denying his motion for a new trial. This court found that the trial court should have made findings and remanded the case. Hawkins v. Foasberg, 175 Minn. 252, 220 N. W. 951. Plaintiff then taxed disbursements against defendants as follows: Record $279.20; brief $89.80; reply brief $6; supplemental brief $8.25. In the supplemental brief plaintiff raised the question which resulted in the case being remanded. Thereafter defendants paid the $383.25. The same record and briefs, except the supplemental brief, have been used in this second appeal. Because thereof judgment will now be entered in this court for $375 in favor of defendants and against the plaintiff.

Affirmed.

[1]Reported in 227 N. W. 656.