# FRANK McGUIRE v. KAYSEN-McGUIRE COMPANY AND OTHERS.[1]

December 4, 1931.

No. 28,636.

*A. B. Christofferson,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

HOLT, J.

The appeal is from an order sustaining a demurrer to the complaint.

The substance of the allegations of the complaint, in condensed form, may be thus stated: For some period prior to December 19,

[1] Reported in 239 N. W. 616.

1927, plaintiff and defendant Kaysen were equal copartners in an established business from which each received $5,000 yearly as salary. That on the date mentioned the copartnership entered an agreement to organize a corporation under the laws of Delaware under the name of The McKays Company, with an authorized capital stock of 2,000 shares of common stock of no par value and 500 shares of seven per cent cumulative stock of the par value of $100, for purchasing the copartnership, its property, business, and good will; and for the same plaintiff and Kaysen were to receive 510 shares of the common stock, being a majority of the 1,000 shares agreed to be issued of the authorized 2,000 shares. As a part of the same transaction, the copartnership agreed to organize the defendant corporation, under the laws of this state, as a holding corporation for the 510 shares of The McKays Company stock issued to plaintiff and Kaysen for the purchase of the copartnership property and business, said holding corporation to own or hold no other property than said stock nor to engage in any other business. The two corporations were organized, the shares of stock were issued, the copartnership property transferred, and The McKays Company continued operating the business, all as agreed. Of the 510 shares of The McKays Company stock issued to the defendant holding corporation for the former copartners, 255 are now owned by plaintiff and 255 by defendants Kaysen, husband and wife, the husband having 254 and the wife one so as to qualify as a director. It was the intention of the parties that the stock issued for the copartnership business should at all times control The McKays Company and should at all times be held and owned by the defendant corporation as a unit and have a particular value by reason thereof.

A by-law of the defendant corporation, enacted at its organization, provides that unless otherwise ordered by the board of directors the president shall have full power and authority in behalf of the corporation to attend and to act and to vote at the meetings of the stockholders of any corporation in which the defendant corporation may hold stock and exercise all powers incident to

ownership of the stock, the same as the corporation could do if present. It is alleged that this by-law was adopted for the purpose of preserving the particular value of the 510 shares of stock as a unit.

Defendant Kaysen has always been president of the defendant corporation, and by reason of the power so vested in him has caused the directors of The McKays Company to be elected. That such directors fixed Kaysen's salary at $10,000 and plaintiff's at $5,000 for their services in The McKays Company, which salaries were reduced in June, 1930, to $8,000 for Kaysen and to $2,500 for plaintiff. When the salaries were so reduced, plaintiff was obliged to relinquish the employment. After this historical statement of the corporations and of plaintiff's and defendant's dealings and participation in the organization and conduct of the same, the complaint alleges, as the grounds for the interposition of the court, that

"plaintiff and defendant Kaysen have been unable to agree as to the management of the affairs of the defendant corporation, and because thereof, the defendant Kaysen, as the representative of the Kaysen-McGuire Company, controls the defendant corporation, and controls The McKays Company. That the plaintiff is deprived of any right to vote, or to participate in the management of the affairs of The McKays Company."

Another reason alleged for a receivership is that defendant Kaysen and plaintiff are unable to agree as to the election of directors in the defendant corporation, thus creating a deadlock, and as a result Kaysen continues as president of the defendant corporation in full control of The McKays Company. It is also alleged that when the two corporations were organized it was agreed between the individuals interested that if any of the stockholders, other than defendant Kaysen, desired to sell the stock in the defendant corporation such stockholder should first offer it to Kaysen and the other stockholders, and, if not accepted, then must offer the same to the remaining stockholders of The McKays Company; and that after plaintiff's salary was reduced he did offer his stock accord-

ingly, but all refused to buy. It is also averred that the 510 shares of common stock of The McKays Company, practically the only property of the defendant corporation except the 102 shares of preferred stock, has particular value as a unit and if sold otherwise than as a unit has little value. The relief prayed for is the appointment of a receiver for the defendant corporation and that such receiver be authorized to exercise all the rights of ownership of its property until a sale thereof, and that he make a sale thereof subject to the approval of the court, "provided, however, that no sale shall be made for said 510 shares of common stock of The McKays Company * * * except as a unit," and for distribution of the proceeds and dissolution of the corporation.

It is to be noted that there is no allegation of insolvency or of mismanagement of the defendant corporation or interruption of its business. The only thing is that a new board of directors cannot be elected because plaintiff and the defendant Kaysen control an equal number of shares of stock. The old board therefore holds over. The corporation being a mere holding corporation, the business of the operating corporation, The McKays Company, goes on. There is no claim that the latter is mismanaged or unprofitably conducted or its business endangered. The profits to be derived by the stockholders of the defendant corporation proceed solely from the operation of The McKays Company. That that corporation has reduced salaries of its officers, including Kaysen's, surely is not to the injury or damage of its stockholders, there being no averment that the reduction was so great that efficient officers or servants could not be had at the present salaries. It is also to be noted that no fraud or imposition is alleged against any member of the copartnership in making or carrying out the agreement to transfer its assets to The McKays Company for the shares of its stock and the organization of that corporation as well as of the defendant corporation, for the purposes already stated. The agreement, the incorporations, and the by-law mentioned were the voluntary and deliberate acts of plaintiff and the personal defendants, or of the ones from whom all the shares of stock in which they now have an

interest were acquired, and acquired with full knowledge of the agreement pleaded and the situation existing.

The applicable law is this, stated in 14A C. J. p. 955, § 317½:

"A receiver may be appointed for a corporation where there are such dissensions in its governing body as to make it impossible for the corporation to carry on its business with advantage to its stockholders, or to carry it on at all, even in the absence of fraud, the receiver being appointed not for the purpose of winding up the affairs of the business but to preserve its property and if possible to continue its corporate functions. * * * But where there is a board of directors in office in possession or control of the corporate assets and in the exercise of all of the corporate powers and functions, a receiver will not be appointed because of the fact that the stockholders are so evenly divided that it is impossible for them to elect a board of directors at the expiration of the term for which the incumbent directors were elected."

8 Fletcher, Cyc. Corp. § 5245, states the rule thus:

"A receiver is properly appointed where there are such dissensions in the governing body, or between sets of stockholders each owning an equal amount of stock, that it is impossible to carry on the business with advantage to the parties interested, even though the corporation is solvent, and in such a case it has been held that the court may go so far as to dissolve the corporation. In regard to a deadlock among stockholders, each faction owning half the stock, it has been held, however, that the court 'should not interfere by a receiver for the purposes of preservation even, unless there is a present danger to the interests of the stockholders, consisting of a serious suspension of or interference with the conduct of the business, and a threatened depreciation of the value of the assets consequent thereon, which may be met and remedied by a receiver. In other words, it must appear in this, as in all other cases, that the appointment of a receiver will serve some beneficial purpose to the stockholders.' "

That a deadlock, coupled with mismanagement, may be ground for even dissolution was held by this court in Green v. National

A. & A. Co. 137 Minn. 65, 162 N. W. 1056, L. R. A. 1917E, 784. But, as already observed, the business is owned and operated by The McKays Company, and there is no allegation that its business is unprofitable or mismanaged in any respect to the detriment of the stockholders—the beneficial owners of the 510 shares, held in trust by the defendant corporation. The appointment of a receiver for a solvent going business corporation is a drastic measure to be taken only when there is imminent danger of loss to the stockholders and there is no remedy at law. Owens v. J. L. Owens Co. 161 Minn. 6, 200 N. W. 845. Mismanagement or some action in violation of the stockholders' rights must be shown before a court is justified in interfering with the conduct of the corporation's business. Hawkins v. Foasberg, 178 Minn. 457, 227 N. W. 655. The decisions of other courts are to the same effect. Alabama C. & C. Co. v. Shackelford, 137 Ala. 224, 34 So. 833, 97 A. S. R. 23, holding failure to elect a new board of directors for whatever cause, where the old board functioned and no real mismanagement existed other than voting themselves excessive salaries, no ground for receiver; Boyle v. Superior Court, 176 Cal. 671, 170 P. 1140, L. R. A. 1918D, 226; Wallace v. Pierce-Wallace Pub. Co. 101 Iowa, 313, 70 N. W. 216, 220, 38 L. R. A. 122, 63 A. S. R. 389, similar to the instant case in that two stockholders owned equal number of shares of the controlling stock held by one corporation of another corporation operating a business; the order appointing a receiver for the controlling shares was reversed, the court saying [101 Iowa, 332]:

"It may be unfortunate that there is no remedy other than a sale of his stock by one or the other of the stockholders, but, if this be the case, it is a situation into which the parties voluntarily placed themselves; and, so long as no actual legal wrong is committed by either, they must be content with their condition."

So in the instant case, the organization of defendant to hold as a unit the controlling shares of stock in The McKays Company and the enactment of the by-law referred to was the deliberate and voluntary act of plaintiff and defendant Kaysen. Gibbs v. Morgan, 9 Idaho, 100, 72 P. 733 (deadlock and mismanagement); Hall v.

Woods, 325 Ill. 114, 156 N. E. 258; Bowen v. Bowen-Romer F. M. Corp. 114 Kan. 95, 217 P. 301, 43 A. L. R. 238 (dissensions which stopped the business of the corporation); Brock v. Automobile L. & S. Co. 130 La. 404, 58 So. 21 (equal division of stock, and dissension with mismanagement and usurpation of authority by the directors authorized the appointment of receiver); Sternberg v. Wolff, 56 N. J. Eq. 555, 42 A. 1078 (dissensions held not sufficient when there was no showing of injury to business or mismanagement; but that court, on a showing that dissensions caused serious suspension of or interference with the conduct of a corporation's business and depreciation of the value of its assets, affirmed a receiver's appointment in In re N. J. Refrigerating Co. 95 N. J. Eq. 215, 122 A. 832); Hlawati v. Maeder-Hlawati Co. 289 Pa. 233, 137 A. 235; Boothe v. Summit C. M. Co. 55 Wash. 167, 104 P. 207, 19 Ann. Cas. 1255 (deadlock of election of new directors, and the old unlawfully and fraudulently increased salaries of the half owner of the stock who controlled the old board justified interference by the court); Katz v. DeWolf, 151 Wis. 337, 345, 138 N. W. 1013, 1016, Ann. Cas. 1914B, 2, in holding that there was no adequate reason in a mere deadlock for the appointment of a receiver, the court said:

"It could hardly be expected that any shareholder owning half the stock could have a receiver at pleasure by merely refusing to agree to the election of any director proposed by the other stockholder or stockholders."

Within the principles of the authorities above cited, coming the nearest to granting equitable relief when there is dissension between two factions of stockholders owning equal number of shares, there are, in our opinion, no sufficient reasons or facts stated in this complaint for the appointment of a receiver for the defendant corporation, whose purposes and functions are not interfered with nor diverted from those plaintiff voluntarily agreed it should exercise and whose directors are not shown detrimentally to affect the business and profitable conduct of The McKays Company—the operating corporation. The demurrer was properly sustained.

The order is affirmed.